EL PUEBLO, DEMANDANTE Y APELADO, *v.* ROSA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por delito de infracción al artículo 162 del Código Penal.

No. 1197.—Resuelto en noviembre 30, 1917.

ACUSACIÓN—EXCEPCIÓN PERENTORIA DE QUE LOS HECHOS NO CONSTITUYEN DELITO PÚBLICO.—Aun cuando el acusado no consignara por escrito los fundamentos de su excepción alegando que los hechos expresados en la acusación no constituían delito público, el tribunal no debió negarse a considerarla,

por tratarse de una excepción de naturaleza privilegiada; pero tal hecho no puede servir de base para obtener la revocación de la sentencia apelada, ya que el acusado tuvo la oportunidad de discutir la excepción en sus méritos ante esta Corte Suprema y no lo hizo, y estudiada además la acusación resulta que imputa al acusado el delito que provee y castiga el artículo 162 del Código Penal.

DELITO CONTRA EL DERECHO ELECTORAL—INSCRIPCIÓN SIN TENER LA EDAD—APRECIACIÓN DE LA PRUEBA.—En este caso se imputó al acusado el delito de haberse inscrito en las listas electorales sin tener la edad necesaria para ello. El fiscal presentó como prueba una certificación de nacimiento del registro civil de la cual aparece que el acusado nació el 26 de abril de 1896. El acusado ofreció como prueba una partida de bautismo de la que resulta que el niño Juan Toribio fué bautizado el 23 de junio de 1885, habiendo además el padre del acusado declarado como testigo que su hijo fué bautizado el 16 de mayo de 1995 (*sic*). *Se resolvió:* que tratándose de una cuestión de apreciación de prueba y habiendo tenido el juez sentenciador la oportunidad de observar personalmente al acusado antes de decidir el conflicto de si tenía 20 o 31 años de edad, su resolución no debe ser alterada por esta corte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de J. Esteves.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Toribio Rosa, conocido por Juan Rosa Maysonet, fué acusado por el Fiscal del Distrito de Arecibo como autor de un delito previsto y castigado en el artículo 162 del Código Penal, porque "el 7 de julio de 1916, en Manatí, que forma parte del Distrito Judicial de Arecibo, P. R., concurrió personalmente ante la junta de inscripciones para el precinto de Manatí y allí y entonces voluntariamente se hizo inscribir en el Registro de Electores del Municipio de Manatí, sabiendo que no tenía derecho a tal inscripción por no tener la edad de veinte y un años o más que la ley exige para ser elector el día que estaba señalado para celebrarse unas elecciones generales en Puerto Rico, o sea el 7 de noviembre de 1916."

El acusado alegó que era inocente y celebrada la vista de su causa fué condenado a sufrir cuatro meses de cárcel y a pagar las costas. No conforme con la sentencia interpuso el presente recurso de apelación.

En el "pliego de excepciones y exposición del caso" aparece lo que sigue:

"Sépase que el día 8 de diciembre de 1916 fué llamado este caso para juicio ante la Hon. Corte de Distrito de Arecibo, manifestando ambas partes: El Fiscal y el abogado defensor que estaban preparadas para entrar en juicio, acto seguido se dió lectura a la acusación y entonces el abogado del acusado presentó una excepción perentoria a la acusación de que los hechos alegados no constituyen delito público. Fué presentada por escrito y consta unida a los autos. El Sr. Fiscal, se opuso a que fuera admitida por no tener los requisitos legales y la corte resolvió no tomarla en consideración por no venir de acuerdo con lo dispuesto en el artículo 154 del Código de Enjuiciamiento Criminal porque se omiten en ella los fundamentos de los reparos a la acusación. La defensa tomó excepción."

En su alegato el abogado del acusado sostiene que la corte erró al dejar de resolver la excepción formulada porque era privilegiada su naturaleza y podía aducirse en cualquier tiempo, pero no expresa ni una sola palabra que directa o indirectamente revele a esta Corte Suprema por qué el acusado entiende que los hechos alegados en la acusación no constituyen delito público.

El artículo 153 del Código de Enjuiciamiento Criminal, prescribe que el acusado podrá oponer reparos a la acusación cuando de su contenido resultare, entre otras que especifica, la circunstancia de "no constituir delito público los hechos denunciados." Y el artículo siguiente, 154, de dicho código, copiado textualmente dice así:

"La excepción perentoria deberá presentarse en escrito firmado por el reo o por su defensor. Deberá precisar los fundamentos de los reparos a la acusación, sin lo cual no se tomará en cuenta."

No obstante haberse ajustado al parecer estrictamente a la letra de la ley la corte sentenciadora, estimamos que no debió negarse a considerar la cuestión planteada. Formulada la excepción, la corte, atendida la naturaleza privilegiada de la misma, debió oir a las partes sobre sus méri-

tos y dictar entonces la resolución que fuese procedente. Véase el resumen de la jurisprudencia de California sobre la materia, hecho por Pomeroy en su obra "The Codes and Statutes of California," Penal Code, pag. 363.

"Una excepción previa basada en cualquiera de los fundamentos arriba enumerados constituye una oposición a la suficiencia de la acusación. Debe hacerse por escrito, especificando claramente los fundamentos de la oposición, y debe ser interpuesta antes de que sea levantado, por alegaciones, el conjunto de las cuestiones de hecho. A menos que así no se haga, cualquiera de las objeciones mencionadas que aparezca de la faz de la acusación queda renunciada, y no puede hacerse uso de ella en el juicio ni para pedir la suspensión de la ejecución de la sentencia, excepto, sin embargo, la objeción a la jurisdicción de la corte, y la de que no se ha determinado en la acusación un delito público, de las cuales puede hacerse uso en cualquier tiempo. Artículos 1082, 1185; *People* v. *Josephs,* 7 Cal. 299; *People* v. *Shotwell,* 27 Cal. 394; *People* v. *Garnott,* 29 Cal. 662; *People* v. *Jim Ti,* 32 Cal. 60; *People* v. *Burgess,* 25 Cal. 115; *People* v. *Turner,* 39 Cal. 370; *People* v. *Swenson,* 49 Cal. 383."

Pero es el caso que el acusado, no obstante tener la amplia oportunidad de su alegato y la también amplísima de una vista ante esta Corte Suprema, ha permanecido en silencio con respecto a los motivos que pueda tener para alegar que la acusación no le imputa la comisión de ningún delito público; y siendo esto así, y habiéndose examinado por nosotros mismos la acusación y llegado a la conclusión de que imputa al acusado el delito público previsto y castigado en el artículo 162 del Código Penal, es bien claro que el hecho de haberse negado la corte de distrito a resolver la cuestión no perjudicó al acusado y no puede servir de base para revocar la sentencia apelada.

Sostiene el apelante, además, que la corte sentenciadora erró al declararlo culpable después de haber admitido como prueba cierta partida de bautismo en la que constaba que el apelante había sido bautizado en junio de 1885, teniendo, por tanto, el día de las elecciones la edad requerida por la ley.

Del pliego de excepciones y exposición del caso, aparece que—

"El Fiscal entonces presentó como prueba la partida de nacimiento del Registro Civil de Manatí sin que hubiera oposición por el abogado defensor del acusado, siendo admitida por el Sr. Juez."

Y también aparece que cierta partida de bautismo presentada por el acusado fué admitida finalmente por la corte en la siguiente forma:

"La corte admite una certificación del Presbítero Pedro Morante fechada en Manatí el 11 de noviembre de 1916, que en su parte esencial hace constar, hallarse en dicho archivo parroquial una partida de bautismo en la que se consigna lo siguiente: en esta parroquia de Nuestra Señora de la Candelaria y San Matías, Apóstol de Manatí, P. R., a los veintitrés días del mes de junio de 1885, yo, el presbítero Juan Zabat Llauger, cura Coadjutor de ella, bauticé solemnemente y puse óleo y crisma a Juan Toribio."

Se trata simplemente de una cuestión de apreciación de prueba. De la certificación del registro civil aparece que el día 18 de mayo de 1896 compareció ante el Juez Municipal de Manatí Juan Rosa Cortés y solicitó que se inscribiera, como se inscribió en efecto, a un varón, hijo natural suyo, que había nacido el 16 de abril a las cinco de la tarde. Si el acusado nació el 16 de abril de 1896, es bien claro que el 7 de noviembre de 1916 no había cumplido aún la edad de veinte y un años.

Si la partida de bautismo presentada y admitida como prueba se refiere al acusado, entonces éste habiendo sido bautizado el 23 de junio de 1885, hubiera tenido el 7 de noviembre de 1916, diez años más de los requeridos por el estatuto como mínimum para poder votar en Puerto Rico.

En el acto de la vista declaró Juan Rosa, padre del acusado, y negó que él hubiera solicitado la inscripción del nacimiento de su hijo, contradiciendo así lo hecho constar en los libros del registro civil. Y declaró además que su hijo fué bautizado por el padre Llauger "el 16 de mayo de 1995" (sic). Se ha cometido un claro error al transcribir la fecha.

No pudo bautizarse el acusado en el año de 1995. ¿Se refirió el testigo al 1895 o al 1885? No lo sabemos, pero de todos modos el día fijado por el testigo, 16 de mayo, no es el 23 de junio a que se refiere la partida de bautismo.

Si se toman en consideración esas circunstancias y, además, que el acusado estuvo presente en el acto de la vista, habiendo tenido por tanto el juez sentenciador la oportunidad, que no tenemos nosotros, de observarlo personalmente antes de decidir el conflicto de si tenía veinte o treinta y un años de edad, opinamos que la resolución del juez sentenciador sobre la materia no debe ser alterada por esta corte.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.