Enrique Irizarry, peticionario, *v.* Corte de Distrito de Ponce, Hon. A. S. Poventud, Juez, demandada.

Núm. 1533.—*Sometido:* Noviembre 8, 1943. *Resuelto:* Noviembre 18, 1943.

*Carlos E. Colón,* abogado del peticionario; *R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de la demandada.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El acusado fué convicto en la corte municipal de infracción a la Ley núm. 31, Leyes de Puerto Rico, 1943 (pág. 83).

Apeló a la corte de distrito, donde radicó excepción perentoria a la denuncia.[1] Una de las contenciones del acusado en la argumentación oral de esta excepción, fué que la corte de distrito carecía de jurisdicción toda vez que la Ley núm. 31 que confiere a las cortes insulares jurisdicción para entender en infracciones a la Ley Federal de Emergencia sobre Control de Precios era nula, ya que dicha Ley Federal confería a las cortes federales jurisdicción exclusiva en infracciones de tal naturaleza. Sin embargo, la corte inferior, en vez de resolver en sus méritos la excepción formulada por el acusado, la declaró sin lugar por el fundamento de que dejaba de cumplir con el artículo 154 del Código de Enjuiciamiento Criminal, que lee como sigue:

"La excepción perentoria deberá presentarse en escrito firmado por el reo o por su defensor. Deberá precisar los fundamentos de los reparos a la acusación, sin lo cual no se tomará en cuenta."

Tenemos ante nos un *certiorari* para revisar esa resolución.

Podría argüirse con considerable plausibilidad que la excepción del acusado especifica los fundamentos de sus reparos a la acusación, y que lo que no contiene es sencillamente los argumentos que puedan aducirse en apoyo de tales fundamentos. Sin embargo, no es necesario que vayamos tan lejos para resolver este caso. En el caso de *Pueblo* v. *Rosa,* 25 D.P.R. 894, hemos resuelto que cuando una excepción formulada a una acusación contenía meramente la aseveración de que los hechos en la misma alegados no constituyen delito público (pág. 896), "la corte, atendida la naturaleza privilegiada de la misma, debió oír a las partes sobre sus méritos y dictar entonces la resolución que fuese procedente." Una excepción a la jurisdicción de la corte es de igual naturaleza privilegiada; esto es, objeciones a la jurisdicción

---

(¹) La excepción perentoria leía en parte como sigue:

"Que esta Honorable Corte de Distrito de Ponce, así como la corte inferior donde se vió este caso originalmente, carecen de jurisdicción para entender en el mismo."

de la corte o de que los hechos alegados no constituyen delito público de conformidad con el artículo 161 del Código de Enjuiciamiento Criminal, pueden levantarse en cualquier estado de los procedimientos (*Pueblo* v. *Trápaga,* 15 D.P.R. 211). Resolvemos, por tanto, que la corte de distrito debió haber entrado en los méritos de la excepción perentoria formulada en el presente caso.

No debe interpretársenos como que sancionamos la práctica de que se radique una mera enunciación a tal efecto y exigir que la corte, de su propia iniciativa, busque y aplique los estatutos y autoridades pertinentes. Por el contrario, los letrados deben ofrecer a la corte toda la ayuda posible en la consideración de aquellas cuestiones de derecho levantadas por ellos. En el presente caso el abogado del acusado cumplió con este deber haciendo una exposición oral sobre las autoridades envueltas. Si el juez de la corte de distrito hubiera preferido que dicha exposición le fuera sometida por escrito, él estaba en libertad de solicitar alegatos. Pero, en todo caso, él debió haber resuelto en sus méritos la cuestión levantada por la excepción perentoria.

*La resolución de la corte de distrito será anulada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*