## THE PEOPLE v. JIM TI.

INDICTMENT FOR LARCENY.—If an indictment for stealing money fails to describe the money with sufficient particularity, the objection should be taken by demurrer, and if not so taken is waived.

LARCENY FROM SERVANT.—If property is stolen while an employé of the owner has charge of it, and another person is charged with the larceny, the prosecution are not bound, on his trial, to call as a witness such employé.

CONFESSION OF CRIME.—Confessions which are entirely voluntary when made, are admissible in evidence, even if, on a prior occasion, some promise of favor not acted upon, and which had ceased to be operative, had been made to induce the accused to confess.

CONFESSIONS IN EVIDENCE.—The question as to the admissibility of confessions is one for the exercise of a sound judicial discretion, to be guided by the circumstances of each particular case.

MONEY STOLEN.—On a trial for a larceny of gold and silver coin, the identity of the money stolen with that found on the defendant is a question of fact for the jury.

NAME IN INDICTMENT.—If a defendant is indicted by a wrong name, and so states when asked, and gives his true name, the true name may be substituted, and subsequent proceedings had in the true name.

APPEAL from the County Court, Sierra County.

The defendant was employed as a porter by one Mearny, a saloon keeper at Downieville, Sierra County. Mr. Mearny left his saloon in charge of his barkeeper late Saturday evening, and did not return until 11 o'clock A. M. the next day. When he left he placed a tin box, containing two hundred and thirty-five dollars and seventy-five cents in gold and silver coin, in his safe. The key of the safe was in a sugar bowl. When he returned the next morning the tin box had been

taken out of the safe and placed under the counter, but the money was gone. The defendant was arrested and confined in jail. The constable went to the defendant's house the same day, and defendant's wife gave him a purse containing between seventeen and eighteen dollars. The constable went into a shed back of the house, and found a rice jar sitting on the ground. Upon removing it he saw that the ground had been disturbed under it, and upon digging found an oyster can containing two hundred and nineteen dollars and some cents. When defendant was first arrested, and before he was placed in jail, and before the money was found, the constable took him into the saloon, and Mr. Mearny made him the first promises if he would confess.

In the latter part of the day, and after the money had been found, Mr. Mearny went to the jail and saw the defendant, who then made the confession that he took the money and was a fool to do it. On the Monday following the defendant made the confession before the Justice. The money found in the ground and that given up by the woman contained about the same number of twenty dollar gold pieces as were stolen. The indictment described the money as " gold and silver coin, the personal goods of N. H. Mearny, of the value of two hundred and thirty-five dollars and seventy-five cents." The defendant took the objection that the description of the money in the indictment was insufficient, on motion for a new trial and in arrest of judgment.

On the trial the barkeeper was not called as a witness, nor did the record show any reason why he was not called. The defendant was convicted and appealed.

The other facts are stated in the opinion of the Court.

*James A. Johnson*, for Appellant.

The barkeeper might have taken the money and given it to the defendant, and without his testimony the defendant should not have been convicted. To convict the defendant without the barkeeper's testimony is to assume that he actually stole the money. (Barbour's Crim. Law, 182–3.) The descrip-

tion in the indictment is insufficient. (*People* v. *Ball*, 14 Cal. 101; *People* v. *Green*, 15 Cal. 512.) The Court erred in admitting the confessions of defendant. (Barbour's Crim. Law, 459; *State* v. *Phelps*, 11 Ver. 116.)

*J. G. McCullough*, Attorney-General, for the People.

The record does not show that the failure to call the barkeeper was made a point below. He may not have known anything about the matter, or may have been dead. The confession was voluntary, and this was sufficient to send the case to the jury. The rule laid down in Barbour, if applicable to the facts of this case, is not well founded in principle. (2 Bishop's Crim. Pro., Secs. 385, 707.) The objection that the indictment did not sufficiently describe the money should have been taken by demurrer. (*People* v. *Josephs*, 7 Cal. 129; *People* v. *Ball*, 14 Cal. 101; *People* v. *Shotwell*, 27 Cal. 394; *People* v. *Garnett*, 29 Cal. 622.) The fact that the money had been taken by some one was proved by other testimony than the confession. This is all that the rule requires. (1 Bishop's Crim. Pro., Secs. 500, 501; *People* v. *Linn*, 23 Cal. 151.)

By the Court, Sawyer, J.:

The objection to the indictment, that the money stolen is not described with sufficient particularity, should have been taken by demurrer. The objection to the sufficiency of the description was not taken in the mode prescribed, and came too late. (*People* v. *Shotwell*, 27 Cal. 401; *People* v. *Garnett*, 29 Cal. 626.) The facts charged are sufficient to constitute an offense.

The evidence presented by the people was sufficient to sustain the verdict—to prove the taking as well as the felonious intent—and it is no objection that the people did not call the barkeeper, either on the ground that his testimony might have made the case stronger, or weaker. If the defendant supposed the case of the people might have been weakened by

the testimony of the barkeeper, he was himself at liberty to call him.

Before the money was found, the owner charged the defendant with the larceny, and told him if he would return the money, or tell him where it was, he would let him go, but if he would not he would have him put in jail. Defendant denied any knowledge of the theft, and said the owner could put him in jail, or cut his throat, but that he could not tell him anything about it. He was arrested and committed to jail. Subsequently, after the money had been found secreted at defendant's residence, and defendant's wife had also been arrested and committed to jail, and while he was in jail, the prisoner was again asked by the owner if he took the money, and he answered that " he did, and was a fool to do so." On his examination before the magistrate, he also stated that he " took the money and was a fool for doing so, but that he intended to replace it." These declarations were admitted in evidence under objection, on the ground that some benefit had been held out to him if he would confess before the money was found, and before he had been arrested. Undoubtedly, confessions induced by hope, or fear, based upon promises or threats, must be excluded. Only voluntary confessions of the prisoner are admissible in evidence against him. At the time the declarations admitted in evidence were made, there was no threat or promise made. There was nothing at all said by way of inducement, after the conversation before mentioned which was had before the arrest, and before the money had been found. The promise, then, was, if the prisoner would return the money, or tell where it could be found, he would be allowed to go, but if he did not, he would be sent to jail. The promise related to the finding and restoring of the money which the owner was desirous of securing. He refused to tell anything about it, was arrested and committed to jail, and the money subsequently found secreted on the premises occupied by the prisoner. The whole object of the promise, and the conditions upon which it had been made, had been accomplished without defendant's aid; the threatened consequence

of the refusal had transpired by the arrest and committal of the prisoner; the money had been found in his possession, and all hope of escape had passed.   Little motive for further denial remained, and no object to be gained, on the other hand, for seeking a confession.   The Judge below was of opinion that there was, under the circumstances, no motive of hope or fear induced by the action of other parties, at the time operating to influence the defendant; and that the confession of the taking was voluntary.   And this is one of the class of questions upon which the Judge is to exercise a judicial discretion, to be guided by all the circumstances of the case.   (1 Green. Ev., Sec. 219.)   We cannot say that the discretion was not in this instance soundly exercised.   The testimony corroborative of the declaration was ample, and even sufficient to justify the verdict without it.   The question of identity was for the jury to determine on the evidence; and, on this head, there could scarcely be a case of a more satisfactory identification, where the taking is not witnessed by some party, or where the coins have not some special mark by which they could be recognized.   The money found corresponded very nearly in the amount and kinds of coin—gold and silver—and there was among the coins stolen and those found an English sovereign— a striking coincidence at this time, when sovereigns, as a circulating medium, are extremely rare.

There is no force in the point made that the defendant was indicted under the name of Ah Ki and tried by the name of Jim Ti.   The record shows that on arraignment the prisoner was asked if the name in the indictment was his true name; that he stated his name to be Jim Ti; that his name was substituted in the record, and the subsequent proceeding had in that name, as provided by the statute.

There is no other point sufficiently plausible to require notice.

Judgment affirmed.