[Crim. No. 1283.   Second Appellate District, Division One.—March 16, 1926.]

## THE PEOPLE, Respondent, v. BENNIE JAMES RUSSELL, Appellant.

[1] CRIMINAL LAW—FACT—CREDIBILITY OF WITNESSES—PROVINCE OF JURY—APPEAL.—An appellate court cannot be a trier of fact— its function being limited to the solving of questions of law only— and the jury and the trial judge are charged with the exclusive responsibility of determining the credibility of the various witnesses.

[2] ID.—ROBBERY—EVIDENCE—ALIBI—APPEAL.—In this prosecution for robbery, the evidence introduced by the prosecution was sufficient in itself to establish the guilt of defendant; and assuming that evidence in behalf of defendant flatly contradicted that which was offered by the prosecution and, in addition thereto, that substantial evidence was produced of the fact that defendant was not present when the crime was committed, nevertheless the duty of weighing all the evidence in the case and determining where lay the truth rested solely with the jury, and its conclusion is final in the premises and cannot be disturbed on appeal.

[3] ID.—CONFESSION—VOLUNTARY CHARACTER OF.—In such prosecution, the trial court did not err in admitting a confession made by defendant at a time when he withdrew his plea of not guilty of robbery and pleaded guilty of grand larceny, as the trial judge was justified in his conclusion that defendant was not induced to change his plea by reason of any promise of immunity made to him or by any hope of reward, but, to the contrary, that such change of plea and confession of guilt were made by him freely and voluntarily.

1.   See 8 Cal. Jur. 590; 27 Cal. Jur. 186; 2 R. C. L. 197.
2.   See 22 Cal. Jur. 871.

[4] Id.—Evidence—Confessions.—Before a confession may be offered in evidence a foundation must be laid for its introduction by showing that the confession was freely and voluntarily made and not under a promise of immunity or hope of reward.

[5] Id.—Discretion—Presumptions.—In such prosecution, the determination of whether the confession of defendant should be admitted in evidence rested in the sound discretion of the trial court; and the record of what transpired at the time defendant changed his plea not being before the court, the presumption in such circumstances must obtain that judicial discretion was not abused.

(1) 17 C. J., p. 254, n. 51, p. 267, n. 99.    (2) 17 C. J., p. 264, n. 89, p. 269, n. 4; 34 Cyc., p. 1808, n. 78.    (3) 16 C. J., p. 734, n. 20. (4) 16 C. J., p. 402, n. 63, 67, p. 630, n. 56, p. 717, n. 39.    (5) 16 C. J., p. 628, n. 19, p. 735, n. 35; 17 C. J., p. 222, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Arthur Keetch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Webb for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of robbery and from an order denying his motion for a new trial.

The first point urged by appellant as a reason for the reversal of the judgment is that the evidence was insufficient to justify the verdict—it being his contention that the identification of defendant as the man who committed the offense was weak and unsatisfactory as against the positive denials by defendant of his guilt and a strong "alibi" which was presented by several disinterested witnesses. It is evident, therefore, that the real complaint of appellant is that because the preponderance of the evidence was in favor of the innocence of defendant the verdict was unjustified, and not as a matter of law that the evidence was insufficient to support the verdict.

4.    See 8 Cal. Jur. 115; 1 R. C. L. 579.

[1] The rule is thoroughly settled that an appellate court cannot be a trier of fact—its function being limited to the solving of questions of law only—and that the jury and the trial judge are charged with the exclusive responsibility of determining the credibility of the various witnesses. [2] In the instant case it is unquestioned that the evidence introduced by the prosecution was sufficient in itself to establish the guilt of defendant. Assuming that evidence in behalf of defendant flatly contradicted that which was offered by the prosecution and, in addition thereto, that substantial evidence was produced of the fact that defendant was not present when the crime was committed, nevertheless the duty of weighing all the evidence in the case and determining where lay the truth rested solely with the jury. Its conclusion is final in the premises and cannot be disturbed by this court.

[3] It appears that some time after defendant had entered his plea of not guilty to the charge of robbery which had been preferred against him, through an arrangement with the office of the district attorney, which arrangement was concurred in by the judge of the trial court, defendant was permitted to withdraw the plea which he had formerly made and in lieu thereof to plead guilty to a charge of grand larceny. In that connection it is contended by the appellant that the trial court erred to the prejudice of defendant in permitting the deputy district attorney to read to the jury a transcript of the record of the proceedings had in the lower court, a copy of which being as follows:

"Mr. Vobayda (reading): 'The Court: I would like to take his statement. You tell me, Russell, what the facts were about this offense. Tell me right now all about it, briefly. Having pled guilty to it, there is nothing to conceal any more. A. I was taking the money. Q. How? A. I was taking the money. Q. Come up closer, so that I can hear you. Did you know this man? A. No, sir. Q. No? A. No, sir. Q. Speak up now, so that I don't have to keep cautioning you. How did you come to go in his place of business? What did you go in there for, to rob him? A. No, sir. Q. What did you go in there for? A. I just went in there to buy some things. Q. To buy some things? A. Yes. Q. Did you buy anything? A. No, sir. Q. What did you do after you got in? (No answer.)' ' "

The record discloses the fact that at the time such evidence was first offered defendant objected thereto on the ground that no proper foundation had been laid for its introduction in that the admission or confession by defendant was not shown to have been made freely and voluntarily, or without any promise of immunity or hope of reward having been made or held out to defendant to induce him to make such confession. Although the record here is incomplete with reference to the proceedings which supposedly occurred in connection with the change of plea by the defendant, sufficient appears that it may be inferred that considerably more conversation took place between the judge of the trial court and defendant at that time than was offered in evidence. A transcript of the entire proceedings, together with a memorandum indicating the parts of the transcript which were and those parts which were not offered in evidence, were handed to the judge for his examination; whereupon an adjournment of court was had for the express purpose of enabling the court in chambers, with the assistance of respective counsel, to determine how much, if any, of defendant's statements or admissions had been made freely and voluntarily, without promise of immunity or hope of reward. Subsequently and during the trial of the action the question of the admissibility of the record showing what had occurred at the time when defendant so changed his plea was again before the court, at which time the following occurred:

"Mr. Broker (attorney for defendant): I don't mean to object on a technical ground, your Honor. The reason I wanted the objection in here was this: That the objection is based upon the fact that the statement or confession, as it purports to be, was not made freely and voluntarily. That is the reason. The Court: Well, the Court has gone into it up to that point. It is the court's ruling that it was free and voluntary up to a certain point, which I have indicated. After that point, the Court has not permitted anything to be said, but up to that time it was, in my opinion, a voluntary statement. Something was said at that time which changed the conditions, and whatever followed after that might be considered not free and voluntary. Up to that point, and that is the point I am allowing, in my opinion that was free and voluntary. Mr. Broker: But,

if your Honor please, the witness on the stand here testified that he was allowed, before that, I believe—and I believe the record will bear me out and I don't believe Mr. Vobayda (deputy district attorney) will dispute it— The Court: Well, he pled guilty on the advice of his counsel, as I say, and if there is any objection and you want the minutes, you can have it. Mr. Broker: No, I don't want the minutes, your Honor. The Court: Very well. Mr. Broker: But the witness stated the defendant was allowed to plead guilty to grand larceny, and that was some intimation— The Court: Well, when we get to that point we will clear it up. Up to that point the objection is overruled.''

After the admission or confession of defendant had been introduced in evidence and the case for the prosecution had been closed, defendant testified, not for the purpose of enabling the trial court to determine the admissibility of his purported confession of guilt, but for the apparent general purpose of establishing his innocence of the crime of robbery, as follows:

''A. Well, I—I was brought into Court and my attorney, Mr. Grasty, at that time told me that he had talked to the District Attorney and the Judge, and that I probably wouldn't get a trial that day, I would probably be in jail for two or three more months before I got a trial, and that he had it arranged so that if I pleaded guilty to grand larceny I would get probation. He told me that I probably wouldn't get probation right then, but he would have me sent to the road camp for a month, or probably two months, so that I might earn some money. At that time my wife was sick in the hospital and I had an account with the Eastern Outfitting Company and I didn't have any money, and they was writing me letters up to the jail here that they would have to take the furniture away— The Court: Speak up. A. So he told me to plead guilty to grand larceny. Q. (By Mr. Broker.) And relying on that you did plead guilty to grand larceny at that time? A. Yes, sir.''

In rebuttal thereof the attorney who represented defendant at the time he made such change in his plea testified in substance that, in connection with the arrangements among all the parties, including defendant, his said attorney, two deputies from the district attorney's office and the trial

judge, although defendant had suggested to his attorney the possibility of probation being granted, after consultation with the deputy district attorney in charge of the prosecution, defendant had been informed by his attorney that probation was impossible and that nothing would satisfy the district attorney's office "except this man going to San Quentin," and that defendant "had better go to trial"— defendant said, "I will change my plea"; and that thereupon defendant withdrew his former plea of not guilty to the charge of robbery and in place thereof substituted his plea of guilty to the lesser charge of grand larceny.

[4] It is a well-recognized rule of law that before a confession may be offered in evidence a foundation must be laid for its introduction by a showing that the confession was freely and voluntarily made and not under a promise of immunity or hope of reward. In the instant case the defendant's plea of guilty to the crime of grand larceny could be understood in no sense other than that it was a confession of guilt of at least an offense included in the charge of robbery which had been preferred against him. The question of whether such confession had been so made as under the legal safeguards for defendant's protection it could be admitted in evidence against him depended entirely upon the circumstances surrounding defendant at or near the time such confession was made. As has been heretofore indicated herein, the record in this case is practically silent with reference thereto. Enough appears that it may be concluded that a transcript of the reporter's notes of the proceedings in question was placed in the hands of the trial judge at the time when the confession of defendant was sought to be introduced on the trial of the action. The fact that defendant changed his plea from not guilty of the crime of robbery to that of guilty of the offense of grand larceny; that the proceedings had on such occasion were transcribed from the reporter's notes thereof; that the judge of the trial court ordered an adjournment of court for the express purpose of looking "this thing over"; and upon reconvening of court stated that he had "gone into it," etc., show conclusively that whatever had been said or done in the course of the proceedings before the court at the time the change of plea by defendant was had were in the mind of the trial judge and fully considered by him with refer-

ence to defendant's objection that no sufficient foundation
had been laid for the introduction of the evidence of de-
fendant's confession. It should be borne in mind that no
evidence touching the question of the sufficiency of the
required foundation other than what was contained in such
transcript was before the court prior to the time when
the confession was admitted in evidence; but that after
the case for the prosecution had been closed defendant
gave some testimony which, if it had been seasonably given,
might have had a bearing on the question of the admis-
sibility of the confession. Also that the former attorney of
defendant gave testimony with reference thereto. **[5]** In
such circumstances the determination of whether the con-
fession of defendant should be admitted in evidence rested
in the sound discretion of the court. The record of what
transpired at the time defendant changed his plea not being
before the court, the presumption in such circumstances
must obtain that judicial discretion was not abused. As
the entire record was before the trial court, the judge
thereof was undoubtedly fully conversant with what had
been said at and immediately prior to the time when de-
fendant changed his plea. At any rate, in view of the
conflict between the testimony which was later given by
the defendant and by his former attorney, it is clear that
the trial judge was justified in his conclusion that defendant
was not induced to change his plea by reason of any promise
of immunity made to him or by any hope of reward, but,
to the contrary, that such change of plea and confession of
guilt were made by him freely and voluntarily.

In the case of *People* v. *Jim Ti,* 32 Cal. 60, where the
court was considering the admissibility of a certain confes-
sion, among other things, it is said: "And this is one of
the class of questions upon which the judge is to exercise
a judicial discretion, to be guided by all the circumstances
of the case." And in the later case of *People* v. *Siemsen,*
153 Cal. 387, 394 [95 Pac. 863], the court made the state-
ment that: "Whether a confession is free and voluntary is
a preliminary question addressed to the trial court and to
be determined by it (*People* v. *Miller,* 135 Cal. 69 [67 Pac.
12]), and a considerable measure of discretion must be
allowed that court in determining it. The 'admissibility of
such evidence so largely depends upon the special circum-

stances connected with the confession, that it is difficult, if not impossible, to formulate a rule that will comprehend all cases. As the question is necessarily addressed, in the first instance, to the judge, and since his discretion must be controlled by all the attendant circumstances, the courts have wisely forborne to mark with absolute precision the limits of admission and exclusion.' (*Hope* v. *Utah,* 110 U. S. 574 [28 L. Ed. 262, 4 Sup. Ct. Rep. 202].)''

In the case of *People* v. *Boyd,* 67 Cal. App. 292, 302 [227 Pac. 783] (comment by supreme court in denying rehearing), the question of the admissibility of an offer on the part of the defendant to plead guilty to one of the offenses charged against him in the information, was considered by the court. It was ruled that such an admission, if voluntarily made, was competent evidence against the defendant, and the fact that such admission was made in court could not detract from either its relevancy or its competency.

No other reasons for reversal being suggested by appellant, it is ordered that the judgment and order be and the same are affirmed.

Conrey, P. J., and York, J., concurred.