[Crim. No. 7741.   In Bank.   July 14, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. SAMUEL R. QUINN, JR., Defendant and Appellant.

Benjamin M. Davis and George Franklyn Duke for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

TRAYNOR, J.—Defendant appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree robbery (Pen. Code, §§ 211, 211a), theft of an automobile (Veh. Code, § 10851), and unlawful possession of narcotics (Health & Saf. Code, § 11500). He was sentenced to imprisonment in the state prison with the sentences to run concurrently on all three convictions.

Early in 1962, two masked men robbed the College Pharmacy in San Francisco, taking cash and narcotics. They escaped in an automobile stolen the previous night. Defendant was later identified as one of the two men and was indicted for armed robbery, automobile theft, and possession of narcotics. Defendant's plea of guilty to the charge of robbery was accepted, and the court dismissed the two other charges on motion of the prosecution. A motion for probation was continued for hearing and determination. Thereafter, the court permitted defendant to withdraw his plea of guilty. The two other charges were reinstated, and defendant pleaded not guilty to all three.

A San Francisco probation officer testified over objection that defendant had previously been arraigned on the same

three charges and had pleaded guilty to robbery. The officer also testified, again over objection, that immediately after the guilty plea, he interviewed defendant in preparing a pre-sentence probation report and that defendant admitted that his motive for the robbery had been to get narcotics, that he had used a "phony" gun, and that he had stolen the auto-mobile used in the robbery. The probation officer testified that he always tells convicted defendants interviewed in prepar-ing probation reports that "if they are not telling us the truth, then we most certainly would not recommend pro-bation for them."[1]

---

[1]The probation officer testified:

"Q. . . . . You actually never promise anybody, or promised him, or anybody else probation, do you?

"A. No.

"Q. No. But you do tell them that if they cooperate by telling you everything that they know about an incident, that it will serve them well later on with the Court, is that right?

"A. Most cases we would, yes. I'm not certain whether I did in this case. But it's not unusual for us to use terms along that line.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Q. And so you tell them that you have to take this report and furnish it to the Court, and if they cooperate with you and tell you everything that they know that it certainly is to their benefit?

"A. We don't use the term 'cooperate with us' so much as we tell them to tell the truth, because it helps everybody to be honest and sincere in their statements.

"Q. And isn't there more or less . . . an implication on your part that if they tell you all the factors . . . and relate everything that they do know, that they stand a better chance of getting probation or better chance of getting a lighter sentence?

"A. Well, we tell them that by telling the truth they stand a better chance of having us recommend probation, because if they tell us state-ments that we find out through our investigation are not true, then we will not recommend probation for them.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Q. Well, in your opinion, Mr. Jenkins, would it appear that Mr. Quinn was giving you a statement more or less thinking that the more he told you about this particular charge that the better he would be treated by you; in other words, that he would benefit from his state-ment?

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE WITNESS: I thought that Mr. Quinn was just being honest with me.

"Q. But prior to his being honest with you, did you represent in any way whatsoever that he would gain in any respect whatsoever by being honest with you?

"A. I probably did tell him that; I tell that to everybody, that by being honest with us they are helping themselves; if I can explain this properly, I tell them if they are not telling us the truth, then we most

■ Defendant contends that his admissions to the probation officer were involuntary. ■ A confession or admission induced by promises of leniency or by threats is involuntary and therefore inadmissible. (*People* v. *Underwood, ante,* pp. 113, 120-121 [37 Cal.Rptr. 313, 389 P.2d 937]; *People* v. *Brommel,* 56 Cal.2d 629, 632-634 [15 Cal.Rptr. 909, 364 P.2d 845]; *People* v. *Trout,* 54 Cal.2d 576, 583 [6 Cal.Rptr. 759, 354 P.2d 231, 80 A.L.R.2d 1418]; *People* v. *Rogers,* 22 Cal.2d 787, 805 [141 P.2d 722]; cf. *Haynes* v. *Washington,* 373 U.S. 503, 513 [83 S.Ct. 1336, 10 L.Ed.2d 513, 520-521]; *Lynumn* v. *Illinois,* 372 U.S. 528, 534 [83 S.Ct. 917, 9 L.Ed.2d 922, 926]; *Leyra* v. *Denno,* 347 U.S. 556, 560 [74 S.Ct. 716, 98 L.Ed. 948, 952].) ■ The probation officer, who was to make a report and a recommendation to the trial judge before sentencing, told defendant that he would not recommend probation if defendant failed to tell the truth. Defendant's admissions following this threat or implied promise of leniency were therefore involuntary, and their introduction into evidence requires reversal. (*People* v. *Brommel, supra,* 56 Cal.2d 629, 634; *People* v. *Trout, supra,* 54 Cal.2d 576, 585.)

Other questions remain that may arise on a retrial. ■ Defendant contends that the trial court erred in admitting evidence of his withdrawn plea of guilty. Penal Code sections 1192.1 through 1192.3 provide that a defendant cannot be punished for a higher degree of crime or by a more severe punishment than that specified in a plea of guilty accepted by the prosecution and approved by the court. Section 1192.4 provides that if a defendant's plea of guilty is not accepted, he may withdraw it, and it may not be used in evidence. In *People* v. *Hamilton,* 60 Cal.2d 105, 112-114 [32 Cal.Rptr. 4, 383 P.2d 412], and *People* v. *Wilson,* 60 Cal.2d 139, 155-156 [32 Cal.Rptr. 44, 383 P.2d 452], we excluded evidence of an offer to plead guilty. Although offers are not expressly covered

---

certainly would not recommend probation for them. I put it that way, it's in the negative.

"...........................

"Q. You told him that if he didn't tell the truth that there would be no possible chance for probation, isn't that right?

"A. No, I wouldn't tell him that. I can't say whether he will get probation or not, Mr. Davis. I don't—

"Q. But you have a right to make a recommendation?

"A. Oh, yes.

"Q. To the Superior—

"A. I tell them if they don't tell us the truth, the probability—in fact it is almost certain we would not recommend probation for them if they don't tell us the truth."

by section 1192.4, they are within its policy. Excluding withdrawn pleas of guilty also furthers "the obvious purpose" of section 1192.4 to encourage the settlement of criminal cases. (*People* v. *Hamilton, supra*, 60 Cal.2d 105, 112.)[2] Evidence of defendant's withdrawn plea of guilty was therefore inadmissible. Earlier cases holding such a plea admissible (*People* v. *Clay*, 208 Cal.App.2d 773, 777-779 [25 Cal.Rptr. 464]; *People* v. *Ivy*, 163 Cal.App.2d 436, 438-440 [329 P.2d 505]; *People* v. *Snell*, 96 Cal.App. 657, 662-663 [274 P. 560]; see *People* v. *Russell*, 77 Cal.App. 113, 120 [246 P. 110]) are disapproved.

■ The trial court also erred in sentencing defendant to concurrent sentences for first degree robbery and possession of narcotics. ■ Section 654 of the Penal Code proscribes double punishment of a criminal act that constitutes more than one crime, and concurrent sentences are double punishment. (*People* v. *Kehoe*, 33 Cal.2d 711, 716 [204 P.2d 321]; *People* v. *Nor Woods*, 37 Cal.2d 584, 586 [233 P.2d 897].)

■ The section applies not only when there is one act in the ordinary sense, but when there is a course of conduct that constitutes an indivisible transaction punishable under more than one statute. (*People* v. *McFarland*, 58 Cal.2d 748, 760

---

[2] A majority of recent cases considering the question have held that withdrawn pleas of guilty are inadmissible. (See cases collected in 86 A.L.R.2d 326.) Various reasons have been given for this rule: (1) An order withdrawing a plea of guilty annuls the plea for all purposes (*Kercheval* v. *United States*, 274 U.S. 220, 224 [47 S.Ct. 582, 71 L.Ed. 1009, 1012]; but see *State* v. *Thomson*, 203 Ore. 1, 17 [278 P.2d 142, 149] (concurring opinion); 4 Wigmore, Evidence (3d ed.) § 1067 at p. 66, n. 2); (2) admission of the plea violates the privilege against self-incrimination (*Wood* v. *United States*, 128 F.2d 265, 274-275 [75 App. D.C. 274, 141 A.L.R. 1318, 1329-1330] (Rutledge, J.)); (3) a plea of guilty is not within the admission exception of the hearsay rule, for it is often based on motives other than admitting guilt (see *State* v. *Weekly*, 41 Wn.2d 727, 731 [252 P.2d 246, 250] (dissenting opinion); cf. *Wood* v. *United States, supra*, 128 F.2d 265, 273 [75 App.D.C. 274, 141 A.L.R. 1318, 1327-1328]; but see *People* v. *Spitaleri*, 9 N.Y.2d 168, 172 [173 N.E.2d 35]); (4) admitting the plea into evidence is inconsistent with the privilege to obtain its withdrawal (see, e.g., *Kercheval* v. *United States, supra*, 274 U.S. 220, 224-225 [47 S.Ct. 582, 71 L.Ed. 1009, 1012-1013]; *People* v. *Ryan*, 82 Cal. 617, 619 [23 P. 121], disapproved in *People* v. *Boyd*, 67 Cal.App. 292, 303 [227 P. 783] (opinion of Supreme Court denying hearing); *People* v. *Spitaleri, supra*, 9 N.Y.2d 168, 172-173). This last reason for excluding the plea is the most persuasive. A trial judge may and sometimes must permit a plea of guilty to be withdrawn for "good cause shown." (Pen. Code, § 1018.) The privilege to withdraw the plea is effectively nullified if it can be introduced against the defendant later.

[26 Cal.Rptr. 473, 376 P.2d 449]; *Neal* v. *State of California,* 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Brown,* 49 Cal.2d 577, 591 [320 P.2d 5].) In the present case, the theft and possession of the narcotics, the theft of the money, and the robbery were all part of an indivisible criminal transaction. (*People* v. *McFarland, supra,* 58 Cal.2d 748, 760; *People* v. *Griffin,* 209 Cal.App.2d 125, 129 [25 Cal. Rptr. 667]; *People* v. *Nor Woods, supra,* 37 Cal.2d 584, 586; *People* v. *Kehoe, supra,* 33 Cal.2d 711, 715.) Accordingly, if on retrial defendant is convicted of both possession of narcotics and robbery, he may be sentenced only for first degree robbery, the more serious of the two offenses. (*People* v. *McFarland, supra,* 58 Cal.2d 748, 762-763.) The theft of the automobile was a separate crime completed before the robbery was committed; if defendant is convicted thereof on retrial he may also be sentenced for that theft.

The judgment is reversed.

Gibson, C. J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.