[Crim. No. 11190. Fourth Dist., Div. One. Aug. 11, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES VERNON SEE, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Ann Redisch for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**COLOGNE, Acting P. J.**—Charles Vernon See appeals his sentence after pleading guilty to second degree burglary (Pen. Code, §§ 459, 460) and unlawful driving or taking an automobile (Veh. Code, § 10851). See was sentenced to prison for consecutive terms, the middle term of two years for the burglary and eight months for the auto theft.

See and another person broke into a business office and stole several thousand dollars worth of office equipment. They removed the stolen items in a friend's car. They "hot-wired" a truck and returned to the office building to remove a safe they had seen but could not remove by car. When they later opened the safe and found only papers, they abandoned the truck and safe.

The probation report said items found in the apartment where See had been staying "seemed to tie in with" another burglary of the same office and businesses adjacent to it which had been burglarized the same month.

At sentencing the judge said, "And then we have here, essentially, four burglaries plus the stolen car.... Counsel, in my view we have four burglaries. With that record, the man has earned himself time in state prison."

See had originally been charged with five counts of burglary: the one he pleaded to and four at various dates of the same and other businesses. In an amended complaint, the only burglary count charged was the one he pleaded to plus the auto theft and a count of receiving stolen property which was dismissed as part of the plea bargain.

■  See contends the judge improperly relied upon the four burglaries no longer charged and unrelated to the current crimes in denying probation. The record shows, however, immediately after the judge made the statement concerning the four burglaries, defense counsel pointed out to him the burglaries were no longer charged. These burglaries were not mentioned again by the judge who gave his reason for denying probation to be the likelihood of See being a danger to others (Cal. Rules of Court, rule 414(b)) based on his long record as a thief. The judge did not base his decision upon any improper considerations.

■ See contends the court violated Penal Code section 654 by imposing consecutive sentences for the burglary and the auto theft. He contends the auto theft was merely incidental to the single objective of committing the burglary and was involved in a single course of conduct.

■ "The proscription against double punishment in section 654 is applicable where there is a course of conduct which violates more than one statute and comprises an indivisible transaction punishable under more than one statute within the meaning of section 654. The divisibility of a course of conduct depends upon the intent and objective of the actor, and if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one. [Citations.]" (*People* v. *Bauer* (1969) 1 Cal.3d 368, 376 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398]).

"On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct. [Citations.]" (*People* v. *Perez*, 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63].)

Whether there is an indivisible course of conduct is generally a question of fact which will not be overturned if supported by substantial evidence (*People* v. *Ferguson* (1969) 1 Cal.App.3d 68, 74-75 [81 Cal. Rptr. 418]).

■ There are two burglaries involved in this case, one before the truck theft and one after. Although only one burglary was charged, the judge and See recognized this as two distinct offenses and their colloquy at the time of receiving the plea bears this out. We do not have to assume the plea applied to the burglary when the car and the safe were taken, rather, in support of the judge's finding, we may assume the burglary applied to the first entering which antedated the car theft. Since the first burglary was completed before the truck was taken to effect the second burglary, it was a separate crime and incident to a separate course of conduct.

In *Bauer*, the Supreme Court so held. "The fact that one crime is technically complete before the other commenced does not permit multiple punishment where there is a course of conduct comprising an

indivisible transaction. [Citations.]" (*People* v. *Bauer, supra,* 1 Cal.3d 368, 377 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398].) In *Bauer,* however, all the acts center around the robbery of certain victims, the burglary, robbery and car theft were at the same time and of the same victims.

Compare *Bauer* with *People* v. *James* (1977) 19 Cal.3d 99 [137 Cal. Rptr. 447, 561 P.2d 1135], where the defendant entered a single office building and burglarized three separate offices. The court held separate punishment for each offense was not proscribed by Penal Code section 654 since the victims had no common interest. The same is true here. After the first burglary was complete, See launched a separate objective to take more property (the safe) from the victim and stole the truck to accomplish this second objective. The owner of the car here had nothing in common with the burglarized premises. Comparing the facts of *James* with those before us, it makes no sense to hold the taking from two separate offices is more culpable than a taking from an office and the street.

The intent to take the truck is a separate intent obviously formed after See burglarized the office building and discovered the safe. The first burglary and the later car theft were separated in time, place and victim. Had the second burglary occurred a day later, it would be more easily discernible but it is nonetheless a separate course of conduct. The evidence supports the judge's decision.

This interpretation is also consistent with the purpose of section 654 "to insure that the defendant's punishment will be commensurate with his criminal liability." (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839].) A criminal who uses a stolen truck in committing a burglary is certainly more culpable than one who uses a legally obtained vehicle.

■ See next contends the court erred in failing to state reasons for imposing consecutive sentences. During the hearing, the judge said he believed See was in a position of leadership in committing the crimes. This is an appropriate factor to consider in aggravating a sentencing (Cal. Rules of Court, rule 421(a)(5)). Factors in aggravation may be considered in imposing consecutive sentences (*id.,* rule 425(b)). No aggravated sentence was imposed, so no impermissible double use of the

fact is involved. The reasons for imposing consecutive sentences were adequately stated.

Judgment affirmed.

Wiener, J., concurred.

**STANIFORTH, J.**—I respectfully dissent.

The amended complaint charged See with one count of burglary committed on September 30 and a second count of auto (truck) theft occurring on the same day. The evidence taken at the change of plea hearing discloses two separate entries into the burgled commercial premises.

In admitting the facts of the burglary and auto theft charges, this colloquoy took place: "THE COURT: Let's proceed. Very well. All right. Mr. See, you wish to enter a plea of guilty to counts 1 and 3, which is violation of Penal Code 459 and Vehicle Code 10851; is that correct?

"DEFENDANT SEE: Yes.

"THE COURT: Are you, in fact, guilty of those two charges?

"DEFENDANT SEE: Yes, ma'am.

"THE COURT: And what did you do that makes you believe you are guilty of those two charges?

"DEFENDANT SEE: I entered a building and took articles and took a vehicle without the owner's consent.

"THE COURT: Okay. Tell me what happened at the time.

"DEFENDANT SEE: Oh, at the time?

"THE COURT: Yes. Both counts occurred at the same location; is that correct?

"DEFENDANT SEE: No, ma'am.

"THE COURT: Okay. Tell me what happened.

"DEFENDANT SEE: Okay. I went to the lady's office and took typewriters.

"THE COURT: This is the Honeywell Corporation?

"DEFENDANT SEE: Yes, ma'am.

"THE COURT: And how did you get into the building?

"DEFENDANT SEE: Through the roof.

"THE COURT: Through the roof. Okay. You had no right to be in there; is that correct?

"DEFENDANT: No, ma'am.

"THE COURT: And when you entered the building, did you intend to commit theft?

"DEFENDANT SEE: Yes, ma'am.

"THE COURT: And then you, in fact, took something from the place; is that correct?

"DEFENDANT SEE: Yes.

"THE COURT: Okay. What about the automobile? What was that?

"DEFENDANT SEE: The automobile was taken to that place to pick stuff up.

"THE COURT: Okay. Count 3 is an auto theft. Did you steal an automobile?

"DEFENDANT SEE: Yes, ma'am.

"THE COURT: Where? Tell me about that one.

"DEFENDANT SEE: Okay. I stole the automobile in El Cajon to go back up there to pick up the office equipment.

"THE COURT: Oh, I see. Okay.

"MR. MULVANEY: I believe the record will show, your Honor, that the Dodge pickup was a '63, was hot-wired in the El Cajon area.

Mr. See made a full statement to the police that he drove that vehicle to the Honeywell Corporation and loaded up the items of office equipment and transported them back to the El Cajon area.

"THE COURT: Is that correct, Mr. See?

"MR. SEE: Yes, ma'am." From this exchange, it is clear that both the deputy district attorney and the court accepted a plea to *one* burglary that consisted of two entries. See left the premises where a burglary was in process to "steal an automobile," "to go back there and pick up the office equipment."

From See's plea, it is impossible to ascertain whether any items were removed before See left to steal the vehicle to transport the loot. The probation officer's report, however, recites such a sequence of events. But from the plea itself, the theft of the truck and the burglary *charged* and pled to are inextricably woven into a single transaction. From the face of See's confession in open court, the truck was stolen for this express purpose: "to pick up the office equipment."

The Attorney General contends there were two separate burglaries of Honeywell on September 30. However, this assertion is not borne out either by the pleadings nor the plea made or the admitted facts.

Not only is the Attorney General's procedural position untenable, but the consecutive sentencing cannot be sustained as a matter of law. *People* v. *Bauer* (1969) 1 Cal.3d 368 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398], held separate sentences for robbery and car theft violated Penal Code section 654, stating at page 377: "The Attorney General urges that the separate sentences for robbery and car theft may be upheld on the theory that the robbery was complete before the theft of the car began and that the theft of the automobile was an after-thought to the original transaction. The fact that one crime is technically complete before the other commenced does not permit mul-

tiple punishment where there is a course of conduct comprising an indivisible transaction. [Citations.] And the fact that one of the crimes may have been an afterthought does not permit multiple punishment where there is an indivisible transaction. [Citation.] The case of *People v. Quinn, supra*, 61 Cal.2d 551, 556 [39 Cal.Rptr. 393, 393 P.2d 705], relied upon by the Attorney General is distinguishable. *There the car theft occurred the night before the robbery, and the criminal conduct was not an indivisible transaction.* Moreover, the evidence in the instant case does not show that the theft of the car was an afterthought but indicates to the contrary that *the robbers, who while ransacking the house were carrying the stolen property to the garage, formed the intent to steal the car during the robbery if not before it."* (Italics added.)

The facts of *Bauer* parallel this case except the crimes in *Bauer* were robbery, car theft. However, the interruption of a robbery midstream to steal a car to carry away the loot and robbers forms an exact parallel; to emphasize the point more vividly, the *Bauer* court stated at page 378: "The crime of automobile theft is not a crime of violence but is a violation of property interests, and we are satisfied that the proscription against double punishment precludes punishment for this offense in the circumstances of the present case. *People* v. *Churchill*, 255 Cal.App.2d 448, 452 [63 Cal.Rptr. 312],... which involved burglary and automobile theft is disapproved insofar as it is contrary to the views expressed herein."

The overruled *Churchill* case is weaker on "indivisible transaction" facts than the case at bench. Churchill stole Campos' car and used it the following day for transportation to the Broadway department store where he entered with intent to commit (credit card) theft. The court reasoned: "Churchill's argument that his conviction for burglary should be merged with a conviction for grand theft of the Campos automobile pursuant to section 654 of the Penal Code is without merit. Regardless of whether the theft of the automobile was a part of a single course of conduct intended to culminate in a burglary, section 654 does not prevent punishment of both the burglary and the auto theft because the offenses were committed against different victims, Mrs. Campos and the Broadway, respectively. (*In re Ford* (1967) 66 Cal.2d 183....) Churchill was properly sentenced on each of those two counts." (*People* v. *Churchill* (1967) 255 Cal.App.2d 448, at p. 452 [63 Cal.Rptr. 312].) This reasoning and Churchill's sentence for both the burglary and car

theft were disapproved in *People* v. *Bauer, supra,* 1 Cal.3d 368, as a Penal Code section 654 violation.

Nor does *People* v. *James* (1977) 19 Cal.3d 99 [137 Cal.Rptr. 447, 561 P.2d 1135], support the majority opinion. *James* did not factually involve one crime committed in furtherance of another criminal objective—burglary. James committed three successive separate distinct burglaries—three separate breakings and enterings with intent to commit theft. As Justice Mosk pithily observed: "...Here defendant forcibly broke into three different rented premises occupied by tenants who had no common interest other than the fortuitous circumstance that they happened to lease office suites in the same commercial building. There is no doubt that if the premises had been located in three separate buildings defendant could have been punished for three separate burglaries; he is not entitled to two exempt burglaries merely because his victims chose the same landlord. If the rule were otherwise, a thief who broke into and ransacked every store in a shopping center under one roof, or every apartment in an apartment building, or every room or suite in a hotel [fn. omitted], could claim immunity for all but one of the burglaries thus perpetrated. Nothing in the statute or case law on multiple punishment compels such an incongruous result." (*Id.* at p. 119.)

However, *People* v. *James, supra,* 19 Cal.3d 99, is in point and contrary to the majority reasoning when the Supreme Court stated at pages 119 to 120: "A closer question is presented by defendant's contention that he cannot be separately punished for his burglary of Congressman Hawkins' office (count I) and his robbery of Mrs. Kirk inside that office (count IV). Section 654 bars multiple punishment for an indivisible course of conduct which violates more than one statute, and divisibility depends in turn on the defendant's intent: if all his offenses were 'incident to one objective,' the defendant may be punished only once. [Citations.] From the facts in the present record we conclude that defendant pursued Mrs. Kirk into Congressman Hawkins' office for the purpose of terrorizing her into silence and robbing her. [Fn. omitted.] His entry into Congressman Hawkins' office with felonious intent thus constituted a burglary which was merely an 'incident to and a means of perpetrating' the intended robbery. [Citation.] It is settled that in such circumstances the defendant cannot be punished for both offenses...."

See's theft of the car was "merely an incident to and a means of perpetrating" the burglary. The *Auto Equity* doctrine (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]) requires striking of the consecutive eight-month sentence for auto theft.

A petition for a rehearing was denied September 2, 1980, and appellant's petition for a hearing by the Supreme Court was denied October 8, 1980. Bird, C. J., was of the opinion that the petition should be granted.