[Crim. No 13474. Fourth Dist., Div. One. June 10, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY THOMAS LIAKOS, Defendant and Appellant.

COUNSEL

Roger Agajanian for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler and Richard D. Hendlin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STANIFORTH, Acting P. J.**—Upon a second jury trial (a mistrial was declared when the jury was unable to reach a verdict in the first trial) defendant Larry Thomas Liakos was found guilty of assault with intent to commit oral copulation and rape, count one; attempted oral copulation, count two; attempted forcible rape, count three; assault, count four; and battery, count five. Liakos was sentenced to prison for the midterm of four years on the assault with intent to commit oral copulation and rape (count one), and two concurrent sentences of three years each on count two and count three. The imposition of sentence on counts four and five was suspended pending completion of the terms on counts one through three.

Liakos appeals contending (1) he could not be punished for an assault with intent to commit rape and for the crime of attempted rape based upon the same facts, and (2) since he was convicted of assault with intent to commit oral copulation, he could not legally be punished for that crime and for the attempted oral copulation based upon the same facts.

## FACTS

At about 9:15 a.m. on May 24, 1980, Laurie C. and her boyfriend Jerry Jackson came to their place of employment at Hall Realty in Anaheim. They had an appointment to show houses. Jackson left the front office to seek cigarettes. Laurie saw Liakos at the front door and asked if she could help him. She told Liakos her boyfriend would return any minute. Liakos walked towards her, looked around the office and at her. Laurie became uncomfortable and attempted to leave. She took the keys off the desk and started to leave. Liakos said "No," grabbed her, and pushed her to the floor on her back. He told her not to scream, started to pull her blouse down, her bra up and kiss her breasts. Laurie spit, growled and kicked at him. She told Liakos she was epileptic. She pleaded and claimed she could not breathe. Liakos put his hand down her throat, told her to shut up and not to scream. He said, "I have got a knife." Then Liakos sought to compel Laurie to orally copulate him. When he pushed his penis in her mouth she bit it. She again pleaded for him to stop.

Liakos then attempted, by the process of pulling at her pantyhose, to have intercourse with Laurie. While this struggle was going on, Jackson appeared at the door and Laurie yelled "Kill him." Liakos jumped up and charged at Jackson saying "I've got a gun." Jackson seized Liakos but received a blow to the eye and fell to the floor.

Liakos testified on his own behalf; he offered an alibi defense; he was at home asleep on the morning of May 24, and never attacked Laurie.

## DISCUSSION

Liakos concedes there is substantial evidence to uphold his convictions for assault with intent to commit rape and oral copulation, attempted oral copulation and attempted rape (counts one, two and three, respectively). But he argues he can be neither convicted nor punished for attempted oral copulation and attempted rape in light of his

being convicted for the assault with intent to commit rape and oral copulation.

Liakos imprudently relies upon *People* v. *Ramirez* (1969) 2 Cal. App.3d 345 [82 Cal.Rptr. 665], and *People* v. *Wilson* (1975) 50 Cal. App.3d 811 [123 Cal.Rptr. 663], for reversal of these convictions. The cited cases are inconsistent with Penal Code sections 654 and 954, as well as the most recent expression of the California Supreme Court in *People* v. *Schueren* (1973) 10 Cal.3d 553 [111 Cal.Rptr. 129, 516 P.2d 833].

Penal Code section 954 provides in pertinent part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but *the defendant may be convicted of any number of the offenses charged*, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court; . . ." (Italics added.) Penal Code section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." Penal Code section 654 does not preclude multiple convictions but only multiple punishments for multiple crimes arising out of a single act or an indivisible course of conduct.

In *People* v. *Schueren, supra*, the defendant was charged with assault with a deadly weapon with intent to commit murder in violation of Penal Code section 217. Schueren was convicted of assault with a deadly weapon under Penal Code section 245 as a necessarily lesser included offense within Penal Code section 217. The California Supreme Court stated: "The People are still free to charge violations of section 217 and 245 in separate counts. Should a defendant be convicted of both counts thus separately pleaded Penal Code section 654 precludes multiple punishment for a single act, and normally in order to prevent multiple punishment the lesser penalty is stayed in the manner set forth in *People* v. *Niles*, 227 Cal.App.2d 749, 754-756 . . . ." (*People* v. *Schueren, supra*, 10 Cal.3d 553, 561; see also, *People* v. *Quinn* (1964) 61 Cal.2d 551, 556 [39 Cal.Rptr. 393, 393 P.2d 705] [which suggests the main

concern is with sentencing, not conviction]; and *People* v. *Delgado* (1973) 32 Cal.App.3d 242, 255-256 [108 Cal.Rptr. 399], disapproved on other grounds in *People* v. *Rist* (1976) 16 Cal.3d 211 [127 Cal.Rptr. 457, 545 P.2d 833] [where assault with intent to rape (Pen. Code, § 220) was stayed pending the service of sentences on counts of oral copulation and attempted forcible rape].) Nor would Penal Code section 654 preclude separate punishments for attempted oral copulation, count two, and attempted rape, count three, if only these two offenses had been charged. Each offense was a separate and distinct act and not incidental to or the means by which the other offense was accomplished. (See *People* v. *Perez* (1979) 23 Cal.3d 545, 553-554 [153 Cal. Rptr. 40, 591 P.2d 63, 3 A.L.R.4th 339].) However, Penal Code section 654 precludes punishment for counts two and three in conjunction with punishment for count one.

The People concede the assault was the means by which the oral copulation was attempted. Accordingly, they concede that the sentence in count two, attempted oral copulation, should be stayed pursuant to Penal Code section 654. The pleadings allege the same assault was also the vehicle for the attempted rape and the three-year concurrent sentence on that count must be stayed as well.

The judgments of conviction are affirmed as to all counts; the sentences for counts two and three, attempted oral copulation and attempted rape, shall be stayed pending successful completion of the sentence on count one.

Work, J., and Cazares, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.