[Crim. No. 4912.    Second Dist., Div. Two.    Mar. 27, 1953.]

THE PEOPLE, Respondent, v. ACE CLAYTON BOWMAN, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—From his conviction of grand theft appellant seeks now to effect a reversal of the judgment on the plea that the evidence is insufficient to support the findings of the trial court. A brief résumé of the proof will at once dispel any justification of a reasonable person's sympathy for the appeal.

Appellant spent an afternoon of February, 1952, loitering in and near the premises of the Avalon Woodworking Company in Los Angeles. About 2 p.m. one Harrison, a truck driver, parked the company's International truck in front of the shop. On emerging from the interior at 4:30, Harrison could not find the vehicle. On the following day Officer McMahan of Long Beach found appellant asleep in the front seat of the truck parked in a service station. He stated that the vehicle belonged to his boss but he did not mention the name of Joseph Terrish, president of the victimized corporation, or the name of any employee of the Avalon Woodworking Company. Three days later the investigating officer drove to Los Angeles about 25 miles north of Long Beach accompanied by appellant. In response to the officer's request, appellant told him that the shop of Mr. Terrish's company was the place he got the truck, and he pointed to the spot where it was standing when he took it in hand. He explained that he had been drinking all the afternoon of the theft; had stopped in to ask for a job and on leaving took the truck along.

At the trial he testified that (1) he had met a stranger at a nearby bar where he and one Hatch sat and drank for an hour and a half; (2) he accepted the stranger's invitation to ride to Long Beach; (3) he did not drive and he could not drive; (4) on arriving at the seaside city he remained in the truck and went to sleep and remembered nothing until he was arrested for drunkenness in an automobile. He asserted to the officers that he had been with Hatch just prior to the theft. He could not produce Hatch, but found him later when moved to the Firestone Police Station. However, at the trial Hatch testified only to having been with appellant in the barrooms and at the woodworking company, but could not remember any transportation when they parted. The court was not obliged to believe appellant's testimony but chose to be governed by the confessions he had made to the officer. Such testimony, coupled with that of President Terrish and driver Harrison to the effect that no consent had been given for appellant to drive the truck, and that of others

who had seen him near the shop, left with the court sufficient proof of his asportation of the truck.

The reviewing court does not weigh the evidence for and against the accused. It decides only whether it can reasonably be held that sufficient, substantial facts could not have been skimmed from the evidence introduced to warrant the inference of guilt. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) Neither is the appellate court bound to exculpate one who tells a plausible story in explanation of the charge and the evidence against him. (*People* v. *Shellenberger,* 25 Cal.App.2d 402, 406 [77 P.2d 506]; *People* v. *Von Benson,* 38 Cal.App.2d 431, 434 [101 P.2d 527].) His vacillating account of his experience, his pointing out the locality of his crime, his narrative that a stranger took him to the end of his journey—these things inspire no credulity when contrasted with the incriminating, established facts.

The concomitant, criminal intent of the appellant in driving away the truck was established by the judgment to have been to appropriate the conveyance to his own use and to deprive its rightful owner of it. (*People* v. *Ragone,* 84 Cal.App.2d 476, 481 [191 P.2d 126]; *People* v. *Wade,* 71 Cal.App.2d 646, 652 [163 P.2d 59].) Deciding the existence of a larcenous intent on the part of him who takes property from its owner is the function of the trier of fact. (*People* v. *Wissenfeld,* 36 Cal.2d 758, 763 [227 P.2d 833].) It is persuasive of a criminal intent when it is shown that the stolen article was, when discovered, 25 miles distant from its usual place of storage and in the possession of the accused.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.