[Crim. No. 9238. Second Dist., Div. Four. Jan. 21, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JACINTO FLORES ALVARADO et al., Defendants and Appellants.

Ivan R. Wainer, under appointment by the District Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—In an information filed by the District Attorney of Los Angeles County on January 2, 1963, the defendants, Alvarado and Gutierrez, were jointly charged, in counts 1 through 3, with armed robbery against the persons of three individuals in violation of section 211 of the Penal Code. The defendants were jointly charged, in counts 4 through 6, of the information, with kidnaping for the purpose of robbery against the persons of the same three individuals, in violation of section 209 of the Penal Code. The first six counts arose out of one transaction, to wit, the robbery of the Sunrise Pharmacy on December 3, 1962. In count 7 of the information, defendant Alvarado was separately charged with armed robbery, which arose out of a separate transaction occurring on October 22, 1962. Alvarado was charged with a prior conviction of the crime of robbery, and Gutierrez was charged with two prior narcotic felony convictions.

Each defendant pleaded not guilty and denied the prior convictions. Thereafter sundry pretrial proceedings were held and, ultimately, and outside the presence of a jury, the priors were admitted. At a time when selection of a jury was almost complete, counsel moved to separate count 7, alleging that prejudice to Gutierrez would occur by reason of the interjection into the trial of evidence concerning this count, as to which he was not charged. The motion was denied.

The trial proceeded, resulting in a verdict of guilty on all counts, with special findings that the robberies were in the first degree and that the kidnapings had not resulted in bodily harm. Motions for new trial were argued and denied to both defendants. Probation was denied. Defendant Gutierrez was sentenced to state prison for the term prescribed by law on counts 1 through 6, which sentences were ordered to run concurrently. Defendant Alvarado was sentenced to state prison for the term prescribed by law on counts 1 through 7. The sentences as to counts 1 through 6 were ordered to run concurrently with each other, and that on count 7 was ordered to run consecutively to counts 1 through 6. Alvarado and Gutierrez appeal from the judgments.

## I

Defendant Gutierrez contends that the trial court erred in not granting the motion for severance as to count 7. The Attorney General relies upon section 954 of the Penal Code as authority to sustain the trial court's ruling. The pertinent provisions of that section provide: "An accusatory pleading may charge two or more different offenses . . . of the same class of crimes or offenses, under separate counts, . . ."

That section further provides: " . . . the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately."

Not every joinder which complies with section 954 is proper. In *People* v. *Biehler* (1961) 198 Cal.App.2d 290 [17 Cal.Rptr. 862], the court said (p. 293): "However, compliance with the section in that respect is an insufficient test whether a consolidated information and trial are proper in all cases. Otherwise, every single person charged with a specific crime could be required to stand trial with any number of other defendants charged with independent, unrelated crimes of the same class. On the other hand, the state is not required to hold a separate trial for every single offense charged against every individual defendant."

However, in *People* v. *Eudy* (1938) 12 Cal.2d 41, 46 [82 P.2d 359], the court said: "The determination whether a motion for severance of trial should be granted always rests within the sound discretion of the trial judge. There can be no clearly defined rule for determining when a defendant is entitled to a separate trial because the exercise of discretion means that the decision must be based upon a just and proper consideration of the particular circumstances which are presented to the court in each case. Only where an abuse of discretion is shown will the ruling of the trial court be disturbed upon appeal."

It would have been quite proper for the trial court to have granted the motion for separation, even though made as late as it was. But, since the matter is one within the discretion of the court, we cannot say that, in this case, and under the facts then before it, that discretion was abused by a denial.

In the *Biehler* case, the information contained five counts, each count alleging a separate robbery. Altogether four de-

fendants were named, but no two robberies involved the same defendants. In reversing the judgments upon the ground that the defendants had been unfairly prejudiced by the joinder, the appellate court described the evidence as ''a bewildering conglomeration of unrelated facts which could not have failed to confuse the jurors if they attempted the intricate mental processes that would have been involved in segregating the evidence and limiting it to the particular issues and against the particular defendants as to which it was to be considered.''

██ The court also said: ''Of course, the vices inherent in a mass trial such as was had in the instant case are the danger that the jury will find one or more defendants guilty as charged because of his association with evil men; and that the jury will, because of the sheer bulk of the evidence, be unable to separate in their minds the evidence which is properly admissible as to each offense.'' (*People* v. *Biehler, supra* (1961) 198 Cal.App.2d 290, 298.)

No comparable circumstances appear in the present case. The first six counts of the information all relate to a single occurrence in the Sunrise Pharmacy on December 3, 1962, when Alvarado and Gutierrez allegedly robbed and kidnaped three persons. The seventh count alleges a separate robbery by Alvarado alone.

██ To determine whether there was an abuse of discretion in the present case, it is necessary to review the circumstances known to the trial judge at the time he was asked to rule. The motion for severance was made on April 30, 1963, during the selection of the jury. The information had been filed on January 2, 1963, and the trial was set for February 5. On that date Alvarado was present with witnesses, but the trial was postponed on motion of Gutierrez. On March 22 the trial was again continued on Gutierrez' motion. On April 29 the case was called for trial and the selection of the jury began. The record does not indicate that anyone up to that point had ever suggested to the court that Gutierrez desired a severance. When the motion was made on the morning of April 30, there was no explanation for delay other than the acknowledgment of counsel that the motion ''should have been made at a more timely period.'' When counsel made the motion for severance he told the court that Gutierrez' defense would be to deny that he was present at the Sunrise Pharmacy and to present an alibi. ██ Counsel argued that this defense would be prejudiced by association of the two counts. But, as the Supreme Court said in *People* v. *Duane* (1942) 21 Cal.2d 71, at page 78 [130 P.2d 123], ''A bald declaration

by his attorney is insufficient'' to show substantial prejudice. The trial judge could reasonably have concluded that proof received under count 7 showing that Alvarado was guilty of another robbery would not in any way tend to influence the jury's determination as to whether it was Gutierrez or whether it was someone else who accompanied Alvarado to the Sunrise Pharmacy on December 2, 1962. Furthermore, the trial judge could reasonably infer from Gutierrez' silence prior to April 30 that he did not regard the severance as of any real importance. The court knew that the trial date had been twice postponed, and that the prosecution and the defendant Alvarado were ready to proceed on count 7. Moreover, as the court pointed out in denying the motion, the members of the jury panel had already been informed of the charge contained in the seventh count. Thus, to eliminate any supposed prejudice resulting from such knowledge, it would have been necessary to have started over with a new panel.

Hindsight review by this court likewise fails to disclose that the joinder prejudiced Gutierrez. The prosecution's case against him was a strong one. Four eyewitnesses positively identified him as one of the robbers at the Sunrise Pharmacy. A pistol which was recovered at the time of Gutierrez' arrest resembled the one which the witnesses said he used in the robbery. There is no reason to believe that a retrial would produce a result more favorable to this defendant. (Const., art. VI, § 4½.)

II

Both defendants contend that the trial court, in sentencing them for both robbery and kidnaping for the purpose of robbery erroneously subjected the appellants to double punishment as contemplated by section 654 of the Penal Code. That section in pertinent part provides: ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . .''

In interpreting this section, the Supreme Court held, in *Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal. Rptr. 607, 357 P.2d 839]: ''Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.''

When the kidnaping is a mere incident of robbery and not separate therefrom, the rule of *Neal* v. *State of California, supra* (1960) 55 Cal.2d 11, applies, and the sentences on the counts of kidnaping for the purpose of robbery, the more serious of the two offenses for which defendants are charged in counts 1 through 6, are the only ones which may lawfully be imposed. (*Adams* v. *Heinze* (1962) 205 Cal. App.2d 53 [22 Cal.Rptr. 814].) In the case at bar, the victims were moved for only a few feet while defendants relieved them of personal property and removed money from the pharmacy cash register. The facts in the record convince us that the kidnaping was a mere incident of the robbery. The controlling case is *People* v. *McFarland* (1962) 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]. In that case the court held that the appropriate procedure is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned. That case, therefore, authorizes a reversal of the sentence but not of the judgment of conviction.

### III

The defendant Alvarado appeals on the ground that the People committed prejudicial error by introducing evidence of narcotics usage. The statement in question was made by the arresting officer, who was called as a witness for the People and who, in relating a conversation he had with the defendant Alvarado at the time he and Gutierrez were arrested, voluntarily stated (after relating the conversation) that "we had additional conversation relative to his narcotic usage."

The statement was volunteered and not "introduced by the People." The jury was thoroughly and extensively cautioned. Statements volunteered by an officer as a witness are curable by the admonition of the court if a miscarriage of justice will not result therefrom. The inference that the defendant Alvarado might use narcotics was already a part of the record when one of the victims testified without objection that Alvarado asked him where the narcotics and "bennies" were kept, thus eliminating any possible prejudice to defendant caused by the officer's volunteered statement. (Cf. *People* v. *Booth* (1925) 72 Cal.App. 160 [236 P. 987].)

The judgments of conviction are reversed insofar as they impose a sentence for robbery on counts 1 through 3; in all other respects they are affirmed.

Files, P. J., and Jefferson, J., concurred.