[Crim. No. 2094.   Fourth Dist.   Apr. 28, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ELOISE MOORE, Defendant and Appellant.

Fredric A. Spindell for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—The defendant, Eloise Moore, was convicted by a jury of burglary (Pen. Code, § 459) and grand theft (Pen. Code, §§ 484, 487) for her participation in the theft of a fur from a store. She was sentenced to nine months in the county jail for each crime, the sentences running concurrently.

On January 15, 1964, Eloise Moore and Sherry Coleman stopped in front of a fur store in Santa Ana and looked at the furs in a small display window near the front door. After a few minutes they entered. No other customers were in the store during the time Eloise and Sherry were there. Eloise asked permission of the clerk to try on a fur and while they were moving to the mink room for that purpose, Sherry left on the pretext that she had forgotten her car keys. Eloise shortly became disinterested and walked out. She was followed by the clerk who had noticed one of the displayed furs was missing. The clerk said she had seen the fur just before the women entered and it had not been sold or removed with consent. Sensing what had happened the clerk went to the street where she saw Eloise hurriedly walk away and enter a slowly moving car which immediately drove off. A witness who followed the car several blocks, testified that the car ran a stop sign, made an illegal left turn, and was being erratically driven. The car had been rented the day before by Sherry.

Two days later Eloise was questioned by officers at her home about the theft. She denied that she knew Sherry (this was mitigated by her explanation of having known Sherry as Dimples) and that she had been in Santa Ana on January 15. These statements were false and were later admitted to be such by Eloise's extrajudicial statements and her testimony. At the close of this interrogation Eloise was arrested.

There are three issues: (1) The sufficiency of the evidence to support the verdicts; (2) the introduction in evidence of the defendant's false statements (inferring a consciousness of guilt) without a showing that she had waived her rights to counsel and to remain silent; and (3) multiple punishment.

Eloise argues that the evidence is insufficient to support the verdict in that it fails to establish: (a) The corpus delicti of theft; (b) a specific intent necessary for burglary; and (c) a concerted action between Eloise and Sherry. In considering these questions the regularly repeated rule is that the appellate court must assume "the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict." (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) ▋ The corpus delicti of the theft of a fur is established when it is shown that the missing fur was in stock just before the actor's arrival; that it was discovered to be missing shortly after the actor's departure; and that it had not been sold nor permission granted for its removal. (*People* v. *Kross*, 112 Cal.App.2d 602, 609 [247 P.2d 44].) These elements were established in this case.

▋ The People must prove that Eloise entered the store with the specific intent to commit grand theft or petit larceny or any felony (1 Witkin, Cal. Crimes, § 458, p. 420); however, the requisite intent and the concerted action between the two women may be proved by circumstantial evidence. (*People* v. *Franklin*, 106 Cal.App.2d 528, 530 [235 P.2d 402].)

Specific intent ". . . is rarely susceptible of direct proof and must usually be inferred from all of the facts and circumstances disclosed by the evidence. When the evidence is sufficient to justify a reasonable inference that such intent existed, the verdict may not be disturbed." (*People* v. *Henderson*, 138 Cal.App.2d 505, 509 [292 P.2d 267].)

Here the two women were seen looking at the fur just before they entered the store. Eloise's engagement of the clerk created an opportunity for Sherry to take the fur unnoticed. Sherry left to retrieve her car keys, implying that she intended to return to meet Eloise, but Eloise did not wait, hurrying away from the store to be picked up by a moving car. These were circumstances which support the verdict. See *People* v. *Kittrelle*, 102 Cal.App.2d 149 [227 P.2d 38], which holds that flight is probative.

▋ At the time Eloise was questioned in her home by the officers, she was not in custody. The two incriminating state-

ments do not appear to have been the product of a method of questioning lending itself to eliciting them. One statement— denial of knowing Sherry—was explained. The accusatory stage had not been reached (*People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]). Assuming that it were reached and that error followed in the introduction of the incriminating statements, our examination of the entire cause, including the evidence, leads us to conclude that it is not reasonably probable that a more favorable result would have been reached if such an assumed error had not occurred (Cal. Const. art. VI § 4½; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243]).

■ The People raise the issue of improper sentencing of the defendant on both the burglary and grand theft convictions. Penal Code, section 654 forbids multiple punishment for separate indivisible crimes arising out of a single act which were the means and were incidental to the accomplishment of a single objective. (*Neal* v. *State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449].) The People concede and we agree that section 654 applies in this case. It is argued, however, that the application of this section does not necessitate a reversal because the sentences were ordered to run concurrently. In *People* v. *Quinn,* 61 Cal.2d 551, 555 [39 Cal.Rptr. 393, 393 P.2d 705], the Supreme Court said: ''Section 654 of the Penal Code proscribes double punishment of a criminal act that constitutes more than one crime, and concurrent sentences are double punishment.'' (See also *People* v. *Barthel,* 231 Cal.App.2d 827 [42 Cal.Rptr. 290]; *People* v. *Gay,* 230 Cal.App.2d 102 [40 Cal.Rptr. 778]; *People* v. *Alvarado,* 231 Cal.App.2d 789 [42 Cal.Rptr. 310].)

The judgment is reversed insofar as it imposes a concurrent sentence for grand theft with instructions to sentence in a manner consistent with this opinion; in all other respects the judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.