LILLIE, J.
Defendants were charged with grand theft (§ 487, subd. 1, Pen. Code); the cause was submitted to the court on the transcript of the testimony taken at the preliminary hearing. No additional evidence was offered and neither defendant testified or offered a defense. Both defendants were found guilty of petty theft (§ 488, Pen. Code), a lesser but necessarily included offense. They appeal from the judgments.
Anita Evans, owner of an apartment house, rented an upstairs apartment to defendants on June 1, 1965. The apartment was completely furnished by Mrs. Evans with all necessary items, including dishes, glassware, linens, kitchenware and appliances. Served by the marshal with papers on July 12, 1965, defendants were to leave on July 15, 1965. Defendants moved out on July 17, 1965; on that day they left the lights on, “so that night at 10 :30 at night the 17th of the month” Mrs. Evans told her son “Let’s go upstairs.” They went to the upstairs apartment and found the defendants gone and the cupboards empty. The door was closed, and Mrs. Evans found the key to the apartment on the table in the kitchen. She discovered to be missing her dinnerware worth approximately $600, glassware costing $7 each, 6 champagne glasses costing $15 each, all sheets and all items in the kitchen, including a rotary beater with all its parts and cooking pans appropriate for a turkey. Mrs. Evans did not give the defendants or anyone else permission to take any of the items from the apartment.
Appellants contend that the evidence is insufficient to connect them with the crime, or to show that they possessed the intent to feloniously carry away the property. They argue that the opportunity to take the property does not ‘ ‘ overcome the presumption of their innocence” and that the prosecution failed to show that they had exclusive possession of or access to the apartment. “It is the trier of fact, not the appellate court, that must be convinced of a defendant’s guilt beyond a reasonable doubt. If the circumstances reasonably justify the trier of fact’s findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.” (People v. Robillard, 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086]; People v. Daugherty, 40 Cal.2d 876, 884 [256 P.2d 911]; People v. Hillery, 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382].) The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. (People v. Newland, 15 Cal.2d 678, 681 [104 P.2d 778].)
*725 While no one testified that he saw defendants take Mrs. Evans’ property from her apartment, there is sufficient circumstantial evidence in the record before us from which the trial judge reasonably could conclude that it was the defendants who took the missing items. (People v. Moore, 234 Cal.App.2d 29, 31 [44 Cal.Rptr. 184].) The prosecution, of course, may rely upon circumstantial evidence to connect a defendant with the commission of the crime charged and to establish beyond a reasonable doubt that he was the perpetrator. (People v. Hillery, 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382].) Here the items in question were in the apartment when rented to defendants; defendants had access to the apartment; the items were discovered to be missing shortly after they left—on the same day they moved; the door to the apartment was closed and the key thereto was inside the apartment; and the owner of the property gave no permission for its removal. This is sufficient to establish a prima facie case against the defendants. In People v. Moore, 234 Cal.App.2d 29 [44 Cal.Rptr. 184], defendant was convicted of burglary. She was accused of taking a fur piece from a store; no one saw defendant take the fur from the shop but the evidence showed that defendant and her friend looked at the fur piece displayed in the window, the fur was in stock just before they came into the store, defendant engaged the clerk in conversation, defendant’s friend left to retrieve her car key implying she would return, defendant left the store, the fur was discovered to be missing shortly after her departure and it had not been sold nor permission granted for its removal. The court held these circumstances to be sufficient to support the verdict.
Claiming that there is no proof that each possessed the intent to permanently deprive Mrs. Evans of her property, appellants argue that for all the record shows the items may have been innocently carried away by one without the other’s knowledge, and nothing shows whether the items were ever returned. Intent is rarely susceptible of direct proof and must be inferred from a consideration of all of the facts and circumstances shown by the evidence. (People v. Maggart, 194 Cal.App.2d 84, 102 [14 Cal.Rptr. 745].) Proof of intent may consist of reasonable inferences drawn from affirmatively established facts. (People v. Ambrose, 202 Cal.App.2d 73, 75 [20 Cal.Rptr. 584].) 11 Deciding the existence of a larcenous intent on the part of him who takes property from its owner is the function of the trier of fact. (People v. Wis *726 senfeld, 36 Cal.2d 758, 763 [227 P.2d 833].)” (People v. Bowman, 117 Cal.App.2d 78, 80 [254 P.2d 134].) Thus, if the evidence is sufficient to justify a reasonable inference that such intent existed, this court will not disturb the finding of the trial judge. (People v. Lyles, 156 Cal.App.2d 482, 486 [319 P.2d 745].) On July 17, a day on which defendants no longer had the right to be in the apartment, they moved; shortly thereafter the items were discovered to be missing and the key was found on a table inside of the apartment. The property taken consisted of items which could not have been removed “innocently” as urged by appellants. They belonged to, were a part of and in the apartment when rented by Mrs. Evans to the defendants. They were the kind —dishes, cooking pots and pans, kitchen appliances and glassware—that had to be packed for removal, and carefully, too. This kind of property stolen had to be taken away deliberately and with the intent to remove the same permanently from the apartment and its owner. Having no legal right to re-enter the premises on July 17 or thereafter, and having deprived themselves of the physical ability to do so by closing the door and leaving the key inside, defendants obviously did not intend to return the property to Mrs. Evans. The household nature of the items taken and the necessity for packing and transporting the same make it unlikely that one defendant could have “innocently” taken them without the knowledge of the other. The circumstances reasonably justify the inference that defendants removed the items and did so with the intention of not returning them to the apartment or to Mrs. Evans.
Nor is there merit to appellants’ contention that the evidence is insufficient to identify the property stolen. Mrs. Evans, its owner, knew what had been taken and described the same as “my set of dinnerware” worth approximately $600, “all glassware” costing $7 each, 6 champagne glasses, costing $15 each, all of the sheets, “all items of the kitchen” including “a rotary beater with all of its parts” and “cooking pans appropriate for a turkey”—all in the apartment when it was rented to defendants. This identifies the stolen property sufficiently to support the conviction of petty theft.
The judgments are affirmed.
Wood, P. J., and Pourt, J., concurred.
Appellants’ petition for a hearing by the Supreme Court was denied January 24, 1968.