Filed 9/12/14  In re Elijah S. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

In re Elijah S., a Person Coming Under the Juvenile Court Law.

THE PEOPLE,

    Plaintiff and Respondent,

v.

ELIJAH S.,

    Defendant and Appellant.

A140145

(Contra Costa County
Super. Ct. No. J13-00815)

On July 29, 2013, the Contra Costa District Attorney (District Attorney) filed a delinquency petition pursuant to section 602 of the Welfare and Institutions Code (Section 602), alleging that Elijah S., a minor, had committed misdemeanor petty theft (Pen. Code, §§ 484, 488) (Count 1) and engaged in misdemeanor public intoxication (Pen. Code, § 647, subd. (f)) (Count 2).[1]  The charges stemmed from a May 14, 2013, incident in which the minor was detained by the police after attempting to steal two bottles of wine from a Safeway store in Pittsburg.  At the time of his arrest, Elijah exhibited signs of intoxication, and preliminary screening indicated a blood alcohol concentration (BAC) of .122 percent.  The minor was cited and released to the custody of his mother.  On August 28, 2013, Elijah pled no contest to Count 1, and the petition was

---

[1] All statutory references are to the Penal Code unless otherwise specified.

1

sustained as to that count. Thereafter, Count 2 was dismissed, and the minor was placed on home supervision pending disposition.

While this first matter was still ongoing, the police received a report on August 6, 2013, that two individuals were looking into car windows and checking the door handles of vehicles parked at the minor's apartment complex in Concord. Later, upon questioning by the police, Elijah admitted that he had stolen several items from a parked car at the facility, including a wallet, credit cards, jewelry, and electronic devices. The minor reported planning to sell the stolen goods in order to buy " 'weed' " and alcohol. On September 25, 2013, the District Attorney filed a subsequent Section 602 petition alleging that the minor had engaged in two felonies in connection with this second incident: receiving stolen property (§ 496, subd. (a)) and grand theft from a person (§ 487, subd. (c)).

On October 3, 2013, the District Attorney corrected the grand theft count in the subsequent petition to allege grand theft in an amount over $950 rather than grand theft from a person. (§ 487, subd. (a).) On October 8, 2013, the petition was further amended to include three misdemeanor charges: second degree burglary (§§ 459, 460, subd. (b)); theft in an amount over $950 (§ 487, subd. (a)); and receiving stolen property (§ 496, subd. (a)). On that same date, Elijah pled no contest to the three misdemeanor counts and the court dismissed the two felonies. Thereafter, on October 22, 2013, a dispositional hearing was held with respect to all four sustained misdemeanors at which Elijah was declared a juvenile court ward, removed from the custody of his mother, and ordered into out-of-home care.

Elijah's sole contention on appeal is that the juvenile court erred by failing to calculate his maximum time of confinement (MTC) and his credits for time served on the record. He asks that the proceedings be remanded so that his MTC and secure custody credits can be determined by the juvenile court. The Attorney General concedes the error but asks that—rather than remanding the matter for further hearing—we simply order the juvenile court to prepare an amended dispositional order which specifies the correct MTC and notes the proper award of secure custody credits. We concur that the juvenile court

2

erroneously failed to specify the minor's MTC and secure custody credits, and adopt a combination of both remedies suggested by the parties.

## I. DISCUSSION

### A. *Maximum Time of Confinement (MTC)*

When the juvenile court removes a minor from parental custody as the result of an order of wardship, Welfare and Institutions Code section 726 (Section 726) mandates that the court "must specify the maximum confinement term, i.e., the maximum term of imprisonment an adult would receive for the same offense." (*In re David H.* (2003) 106 Cal.App.4th 1131, 1133 (*David H.*); see also Welf. & Inst. Code, § 726, subd. (d); Cal. Rules of Court, rule 5.795(b) [if a minor is declared a ward and removed from parental custody "the court must specify and note in the minutes the maximum period of confinement under section 726"].)[2] Section 726 permits the juvenile court, when calculating a minor's MTC, to aggregate terms, both on the basis of multiple counts, and on previously sustained Section 602 petitions. (*In re Adrian R.* (2000) 85 Cal.App.4th 448, 454.) In particular, "[w]hen aggregating multiple counts and previously sustained

---

[2] Specifically, Welfare and Institutions Code section 726, subdivision (d), provides in relevant part: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] As used in this section and in [Welfare and Institutions Code] Section 731, 'maximum term of imprisonment' means the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code or to consider time for good behavior or participation pursuant to Sections 2930, 2931, and 2932 of the Penal Code, plus enhancements which must be proven if pled. [¶] If the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code, which includes any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 of the Penal Code, and Section 11370.2 of the Health and Safety Code."

3

petitions, the maximum confinement term is calculated by adding the upper term for the principal offense, plus one-third of the middle term for each of the remaining subordinate felonies or misdemeanors." (*David H.*, *supra*, 106 Cal.App.4th at pp. 1133-1134; see also Welf. & Inst. Code, § 726; § 1170.1, subd. (a).)

In the present case, the parties agree that—although the juvenile court removed Elijah from his mother's custody and ordered him into out-of-home care during the October 22, 2013, dispositional hearing—it did not specify the minor's MTC in either its oral pronouncement or its written order as required by both statute and court rule. The Attorney General would have us calculate the MTC in this case at the appellate level and impose it on the juvenile court. If the calculation was simply a matter of mathematics, we would agree. However, the decision whether and how to aggregate multiple counts across various Section 602 petitions is discretionary with the juvenile court. (Welf. & Inst. Code, § 726, subd. (d) [stating "*[i]f the court elects* to aggregate the period of physical confinement on multiple counts or multiple petitions . . . ," italics added]; see also *In re Jesse F.* (1982) 137 Cal.App.3d 164, 168 (*Jesse F.*) [Section 726 "gives the court discretion to run the terms consecutively or concurrently"].) Under these circumstances, we will not substitute our discretion for that of the trial court.

To aid the juvenile court on remand, though, we do provide the following guidance. First—as the Attorney General correctly admits—the juvenile court in this matter should not have sustained both the theft count and the receipt of stolen property count in the subsequent petition. (§ 496, subd. (a) [stating that "no person may be convicted both pursuant to this section [involving receipt of stolen property] and of the theft of the same property"]; *People v. Ceja* (2010) 49 Cal.4th 1, 4-5 (*Ceja*).) Here, the record clearly reflects that Elijah was charged with "receiving" the same property which he stole from the parked car. Under such circumstances, the adjudication for receiving stolen property should be set aside. (*Ceja*, *supra*, 49 Cal.4th at pp. 9-10.)

Second, section 654, which is applicable to delinquency proceedings, "forbids multiple punishment for separate indivisible crimes arising out of a single act which were the means and were incidental to the accomplishment of a single objective." (*People v.*

*Moore* (1965) 234 Cal.App.2d 29, 32 (*Moore*); *In re Jesse F., supra,* 137 Cal.App.3d at pp. 170-171.)  In the context of this case, section 654 is implicated because Elijah's reason for the burglary of the car was clearly to commit the theft of the property inside it. (See *Moore*, *supra*, 234 Cal.App.2d at p. 32; compare *People v. Wynn* (2010) 184 Cal.App.4th 1210, 1214-1216 [sentences for burglary and assault appropriate where trial court found separate objective for the two crimes].)  Under such circumstances, the punishment for one of the charged offenses should have been stayed.  (Compare *Jesse F.*, *supra*, 137 Cal.App.3d at pp. 170-172.)  Thus, on remand, when calculating Elijah's MTC for the charges included in the subsequent petition, the juvenile court should stay the punishment for either the burglary or the theft count pursuant to section 654. (Compare *Jesse F.*, *supra*, 137 Cal.App.3d at pp. 170-172.)

**B.**     ***Secure Custody Credits***

Although Elijah was initially placed on home supervision during the pendency of these proceedings, the juvenile court ordered the minor detained on September 25, 2013, after he tested positive for marijuana prior to the court hearing on that date.  Thus, as of the dispositional hearing on October 22, 2013, Elijah had been detained for 28 days. Because the period of physical confinement under the Juvenile Court Law may not exceed the maximum term of imprisonment for an adult convicted of the same offenses, predispositional custodial credits "must be given to the extent the minor's total period of confinement would otherwise exceed the statutorily defined 'maximum term of imprisonment' for one convicted as an adult."  (*In re Deborah C.* (1981) 30 Cal.3d 125, 140.)

Although the parties agree that Elijah is entitled to 28 days of predispositional custody credits, the minor asserts—based on *In re J.M.* (2009) 170 Cal.App.4th 1253 (*J.M.*)—that he is additionally entitled to custody credits for the time he spent in juvenile hall after the dispositional hearing, but prior to placement.  We agree with Elijah that *J.M.* stands for the proposition that he is entitled to credit for this interim custodial period—that is, the time between the dispositional hearing date and the date of his delivery into placement.  (See *id.* at p. 1256.)  However, we also adopt the Attorney

5

General's position that, under the facts of this case, such interim credits need not be included as part of the dispositional judgment currently at issue on appeal.

As a general matter, a judgment should reflect the situation in existence at the time it was entered, rather than events occurring after that date. (*In re James V.* (1979) 90 Cal.App.3d 300, 304 ["an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration"].) Here, the dispositional order specified out-of-home care, but did not include a commitment order to any secure facility. Indeed, based on the record below, it appears likely that the minor was going to be placed in a group home or other nonsecure placement, which would not count as "physical confinement" for purposes of accruing additional custody credits. (*In re Randy J.* (1994) 22 Cal.App.4th 1497, 1503-1506.) Under such circumstances, any post-dispositional, interim credits would more appropriately be accounted for in connection with a subsequent commitment order to a secure facility or if the minor was otherwise remanded to custody, triggering the need for an updated calculation of custody credits earned.

## II. DISPOSITION

The case is remanded to allow the juvenile court to calculate Elijah's MTC in accordance with the views expressed in this opinion and to prepare an amended dispositional order specifying that MTC. The amended order should also reflect the minor's entitlement to predisposition secure custody credits of 28 days. In all other respects, the judgment is affirmed.

_____
REARDON, J.

We concur:


_____
RUVOLO, P.J.


_____
RIVERA, J.

7