Filed 11/6/24  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C098051 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20210619) |
| v. | |
| DOMINIQUE MARKEYA JACKSON, | |
| Defendant and Appellant. | |

Defendant appeals a judgment entered after a jury determined he committed assaults, sex crimes, and batteries with multiple enhancements and aggravating factors against two victims resulting in a determinate sentence of 35 years four months, plus an indeterminate term of seven years to life. Defendant complains the trial court inappropriately aggravated the sentence on one of his enhancements, should have stayed more counts according to Penal Code section 654, and exceeded its jurisdiction in

1

ordering him to participate in sex offender treatment while in prison.[1]  The People concur that one additional count should have been stayed by the trial court.  Because we agree that section 654 requires reversal of defendant's sentence and remand for a full resentencing hearing, we need not address defendant's remaining arguments, which may be raised on remand if needed.  We will otherwise affirm the judgment.

## I.  BACKGROUND

*A.    The Charges*

The People's first amended consolidated information charged defendant with crimes against three victims.  As to R.G., the information alleged assault to commit a specified sex offense (here, rape, oral copulation, or sexual penetration) (§ 220, subd. (a)—count 1).  As to Y.R., the information alleged oral copulation by force or violence (§ 287, subd. (c)(2)(A)—count 2); rape by force or threat (§ 261, subd. (a)(2)—count 3); and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)—count 4).  As to L.H., the information alleged attempted rape by force or violence (§§ 664, 261, subd. (a)(2)—count 5) with a deadly weapon enhancement, a knife (§ 12022.3, subd. (a)) and a great bodily injury enhancement (§ 12022.8); assault with intent to commit a specified sex offense (here, rape) during the course of a first degree burglary (§ 220, subd. (b)—count 6) with a deadly weapon enhancement, a knife (§ 12022.3, subd. (a)), and a great bodily injury enhancement (§ 12022.8); assault with a deadly weapon, a knife (§ 245, subd. (a)(1)—count 7), with a great bodily injury enhancement (§ 12022.7, subd. (a)); battery with serious bodily injury (§ 243, subd. (d)—count 8) with a deadly weapon enhancement, a knife (§ 12022, subd. (b)(1)); sexual battery (§ 243.4, subd. (a)—count 9) with a deadly weapon enhancement, a knife (§ 12022, subd. (b)(1)) and a great bodily injury enhancement (§ 12022.7, subd. (a)); and

---

[1]  Undesignated statutory references are to the Penal Code.

criminal threats (§ 422) with a deadly weapon enhancement (§ 12022, subd. (b)(1)). The People further alleged that defendant had suffered a prior strike (§ 667, subds. (c), (e)(1)) and a prior serious felony conviction (§ 667, subd. (a)(1)). The information also alleged defendant committed offenses against separate victims on separate occasions (§ 667.6, subd. (d)) and that there were numerous factors in aggravation for purposes of sentencing (§ 1170, subd. (b); Cal. Rules of Court, rule 4.421).

B.      *The Trial Evidence Concerning Offenses Committed Against L.H.*

In light of defendant's section 654 arguments on appeal we limit our recitation of evidence to that involving the offenses committed against L.H. On the morning of December 15, 2019, defendant attacked L.H. in her apartment complex's laundry room in West Sacramento. L.H. was removing clothes from a dryer when defendant entered the room. Shortly thereafter, she sensed someone behind her and turned to find defendant within a finger's reach with a knife in his hand. He held the knife to her throat and ordered her to be quiet and do what he wanted, or he would cut and kill her. L.H. was terrified and started screaming, hoping someone would hear her and help. Defendant lifted her jacket, placing his hand directly against her skin at her waist and buttocks. He then tried to pull down her pants and underwear, while holding the knife in front of her eyes with his other hand.

Defendant was so close to her, L.H. had nowhere to go. She tried to push him away, cutting her finger on the knife in the process. L.H. managed to get defendant's hand out of her pants, and in response, he hit her in the face several times. She fell to the ground, and defendant repeatedly kicked her face into a concrete wall and stomped on her head. L.H. begged him to stop, while trying to protect her head with her arms. She grabbed defendant's ankle and showed him her child's small garment, imploring him to stop. Given language limitations, she did not understand everything defendant was saying but heard him use iterations of the F-word multiple times.

Eventually, after L.H. could no longer lift her hands or her head, the attack stopped. L.H. estimated the encounter lasted 10 to 15 minutes. Defendant gave her a towel and warned her not to follow him or he'd cut her with the knife. It took her over a minute to steady herself enough to seek help. L.H. told her husband that a man had tried to rape her and when she resisted the man stomped on her head. L.H.'s husband called 911, and she was transported by ambulance to the hospital; she had suffered several broken bones in her face, an injury to her neck, and a concussion, as well as multiple scrapes and contusions to her body.

Video surveillance placed defendant at the apartment complex. Further, defendant told authorities during an interrogation that he made eye contact with a Middle Eastern woman who gave him a look like he did not belong. Eventually, defendant admitted that he punched that woman in the face in response to her giving him an aggressive look after she said something he did not understand. She dug at his throat, trying to cut off his air. Then she sagged to the floor, and defendant admitted kicking her while she grabbed at his pants like she was trying to tackle him. Finally, defendant admitted tussling with her, but denied ever sticking a hand in her pants or acting with a sexual intent.

## C. *The Jury's Verdict and Defendant's Sentence*

On October 7, 2022, the jury announced it was unable to reach a verdict as to count 1, resulting in a mistrial on that count. The jury found defendant guilty of the remaining counts. The jury also determined all enhancements were true, with the exception of the allegation that defendant inflicted great bodily injury in the commission of count 9.[2] A second jury trial then occurred regarding the 12 sentencing factors in aggravation, which the jury ultimately determined to be true.

---

[2] We note that the minute order for October 7, 2022, inaccurately says the jury determined the enhancement 10(b) was not true. However, the actual verdict form shows

4

Following a bifurcated court trial and briefing, the trial court found true the allegations that defendant had suffered a prior strike and had committed separate offenses against separate victims.

On February 27, 2023, the trial court granted defendant's request to strike his prior strike, noting he had committed the robbery when he was 18 years old, the crime was remote in time, and was of a different kind (robbery versus sexual assault). The trial court then sentenced defendant to an indeterminate term of seven years to life on count 6 and an aggregate determinate term of 35 years four months as follows: the upper term of eight years for count 3, plus one year for each of counts 4, 7, and 8, plus 10 years for the weapon enhancement associated with count 6, plus five years for the great bodily injury enhancement associated with count 6; plus one year for the great bodily injury enhancement associated with count 7, plus four months for the weapon enhancement associated with count 8, plus the upper term of eight years for count 2. The trial court further imposed a concurrent term of three years on count 10. Finally, the trial court imposed, but stayed pursuant to section 654, four years on count 5, pus 10 years for the weapon enhancement associated with count 5,[3] four years on count 9, and one year for the weapon enhancement associated with count 9. Defendant timely appealed.

## II. DISCUSSION

Defendant contends that section 654 allows punishment for only one of counts 6, 7, and 8 because these counts were part of the same criminal transaction with a singular intent and objective, "to harm or brutalize" L.H. The People agree that section 654

the jury found this enhancement allegation was true. We shall direct the trial court to correct this clerical error.

[3] The trial court failed to impose and only stayed the term associated with the great bodily injury enhancement on count 5. This is error (see *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466 [court must impose and then stay sentence pursuant to § 654]); however, in light of determination that remand for a full resentencing is required, we will not correct the error on appeal.

applies to prohibit punishment for both counts 6 and 7 but argue that substantial evidence supports the trial court's implied finding that defendant had a different intent and objective in count 8. We agree with the People, and in so doing, reject defendant's characterization of his criminal intent in this matter.

Section 654 prohibits punishment for two or more crimes arising from a single, indivisible course of conduct. (*People v. Correa* (2012) 54 Cal.4th 331, 335, 337.) Whether a course of conduct is divisible turns on the defendant's intent and objective. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.) If all the crimes committed pursuant to that course of conduct are merely incidental to or were the means of accomplishing or facilitating a single objective, the defendant may receive only one punishment. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.) Whether a defendant harbored a separate intent and objective for each offense is a factual determination for the trial court. (*People v. Osband* (1996) 13 Cal.4th 622, 730.) "A trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial evidence." (*People v. Brents* (2012) 53 Cal.4th 599, 618.) We review these findings for substantial evidence " 'in a light most favorable to the judgment, and presume in support of the court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence.' " (*People v. Andra* (2007) 156 Cal.App.4th 638, 640-641.)

Here, the jury determined in count 6 that defendant committed assault with intent to commit rape during the course of a first degree burglary (§ 220, subd. (b)) as well as assault with a deadly weapon, a knife (§ 245, subd. (a)(1)—count 7), against L.H. These counts were established when defendant entered the laundry room with the intent to rape L.H., held a knife to her throat, ordered her to stay quiet and comply with his demands, and proceeded to begin removing L.H.'s pants and underwear. We agree with the parties that the assault with the knife facilitated defendant's assault with intent to rape L.H., and thus, section 654 prohibits his punishment for both counts 6 and 7. (See, e.g., *People v.*

6

*Latimer, supra*, 5 Cal.4th at p. 1216 [because defendant's kidnapping of the victim facilitated his raping of her, he could not be punished for both]; *People v. Liakos* (1982) 133 Cal.App.3d 721, 725 [cannot separately punish for assault that facilitated the attempted oral copulation count].)

However, the same does not hold true with count 8. While there are some circumstances under which a defendant could use battery to facilitate an intent to rape a victim, here, substantial evidence supports the trial court's implied determination that defendant held a different intent and objective when he inflicted battery with serious bodily injury (§ 243, subd. (d)) upon L.H. After L.H. removed defendant's hand from her pants and screamed for help, defendant did not reengage in any sexual behavior. On the contrary, he hit L.H. two times causing her to fall to the floor. He then proceeded to kick and stomp on her head repeatedly for approximately 10 minutes until she was no longer able to fight back. Then, following her incapacitation, defendant did not engage in any sexual behavior. Rather, he handed her a towel and threatened to harm her if she tried to follow him. This is consistent with defendant's statement to authorities that he punched and kicked the victim, not because he was sexually interested in her, but because of a look she gave him. Accordingly, substantial evidence supports the trial court's implied finding of a different intent and objective: to injure L.H. out of anger and not to facilitate his assault with intent to rape her. (*People v. Brents, supra*, 53 Cal.4th at p. 618; see also *People v. Nubla* (1999) 74 Cal.App.4th 719, 731 [trial court did not err in imposing separate sentences for corporal injury on a spouse and assault with a deadly weapon; defendant's "act of pushing his wife onto the bed and placing the gun against her head was not done as a means of pushing the gun into her mouth, did not facilitate that offense and was not incidental to that offense"].)

In light of our conclusion that defendant cannot be punished for both counts 6 and 7, we must remand the matter for a full resentencing hearing in order to allow the trial court to exercise its discretion under amended section 654 to select which offenses to

stay.  (*People v. Sek* (2022) 74 Cal.App.5th 657, 673; *People v. Mendoza* (2022) 74 Cal.App.5th 843, 861-862.)  We will also direct the trial court to impose a sentence for each count and enhancement, regardless of the application of section 654.  (*People v. Afford* (2010) 180 Cal.App.4th 1463, 1466.)  The court will then select which terms to stay pursuant to section 654.

### III.  DISPOSITION

The matter is remanded for the trial court to conduct a full resentencing hearing in light of this court's section 654 determination and in compliance with the guidance provided herein.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  Finally, the trial court is directed to amend the October 7, 2022, minute order to reflect that the jury determined that enhancement 10(b) was true.  We otherwise affirm the judgment.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

DUARTE, J.